The STATE of Ohio, Appellee,

v.

ANDERSON, Appellant.

[Cite as *State v. Anderson* (1999), 135 Ohio App.3d 759.]

Court of Appeals of Ohio,
Third District, Auglaize County.

No. 2–99–15.

Decided Nov. 9, 1999.

*Edwin Pierce*, Auglaize County Prosecuting Attorney, and *Amy Otley Fox*, Assistant Prosecuting Attorney, for appellee.

*William F. Kluge*, for appellant.

SHAW, Judge.

Defendant Brett A. Anderson appeals the April 15, 1998 judgment of the Auglaize County Court of Common Pleas finding him to be a sexual predator under Chapter 2950 of the Revised Code.

On March 27, 1997, defendant was indicted on four separate counts of gross sexual imposition in violation of R.C. 2907.05(A)(4). Following a jury trial, defendant was convicted on count II of the indictment only. Defendant was sentenced and placed on probation for five years as a result of the conviction. After this court affirmed his conviction, see *State v. Anderson* (July 9, 1998), Auglaize App. No. 2–98–09, unreported, 1998 WL 378413, the trial court began sexual offender classification proceedings under R.C. Chapter 2950.

On March 19, 1999, the trial court held a hearing to determine defendant's status pursuant to R.C. 2950.09(B)(1). Just prior to the hearing, defendant's counsel filed a motion requesting that the trial court find the sexual offender classification law unconstitutional under Section I, Article I of the Ohio Constitution.

On April 15, 1999, the trial court denied defendant's motion and found defendant to be a sexual predator based on the evidence presented at the March 19 hearing. Defendant now appeals and asserts two assignments of error with the trial court's judgment.

I.

"The trial court committed an error of law by not finding that the sexual offender classification scheme is unconstitutional under Article I, Section I of the Ohio Constitution."

On the authority of *e.g., State v. Marker* (Sept. 1, 1999), Seneca App. No. 13–99–05, unreported, 1999 WL 692410, defendant's first assignment of error is overruled.

II.

"The trial court committed an error of law in finding that the defendant was a sexual predator pursuant to R.C. 2950.09(B)."

Defendant's second assignment of error argues that the evidence adduced at the March 19, 1999 hearing does not support the trial court's determination that the defendant was a sexual predator.

"The Defendant has a history of inappropriate and illegal conduct towards young girls. While not beyond a reasonable doubt, there is clear and convincing evidence that this Defendant is sexually attracted to under-age, pre-pubescent girls. He exposed his penis to a young girls [*sic* ] under circumstances which this Court finds to have been, by clear and convincing evidence, part of a pattern of acting out based upon his sexual attraction for young girls.

"The Court finds, by clear and convincing evidence, that the Defendant is a person who is likely to engage in the future in one or more sexually oriented offenses, and accordingly finds the defendant to be a sexual predator."

R.C. 2950.01(E) defines a "sexual predator" as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented crimes." In making the determination whether a defendant is a sexual predator courts are required to follow the procedure established in R.C. 2950.09, which reads:

"In making a determination under divisions (B)(1) and (3) of this section as to whether an offender is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:

"(a) The offender's age;

"(b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;

"(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;

"(d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;

"(e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;

"(f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;

"(g) Any mental illness or mental disability of the offender;

"(h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;

"(i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;

"(j) Any additional behavioral characteristics that contribute to the offender's conduct." R.C. 2950.09(B)(2).

Finally, pursuant to R.C. 2950.09(B)(3) trial courts are to determine that a defendant is a sexual predator only when that finding is supported "by clear and convincing evidence." Clear and convincing evidence is the measure or degree of proof that is more than a mere preponderance of the evidence, but less than the extent of certainty that is required for proof beyond a reasonable doubt. See *Cross v. Ledford* (1954), 161 Ohio St. 469, 53 O.O. 361, 120 N.E.2d 118, paragraph three of the syllabus. It is evidence that "produce[s] in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established." *State v. Schiebel* (1990), 55 Ohio St.3d 71, 74, 564 N.E.2d 54, 60, quoting *Cross*, 161 Ohio St. 469, 53 O.O. 361, 120 N.E.2d 118, at paragraph three of the syllabus. If a trial court's determination is supported by evidence legally sufficient to meet the clear and convincing standard of proof, it will be affirmed by a reviewing court. See, *e.g., Schiebel*, 55 Ohio St.3d at 74, 564 N.E.2d at 60–61.

The defendant argues that because there are "at most two" of the ten R.C. 2950.09(B)(2) factors present in this case that the trial court's determination that he is a sexual predator is not supported by clear and convincing evidence.

We observe that the allegations underlying defendant's conviction were that the defendant had touched the genitals of an eleven year-old female victim on

three separate occasions, and that the defendant had once placed the victim's hand on his crotch area through his clothes. The state charged the defendant with four felony counts of gross sexual imposition, one count for each allegation. However, the jury convicted defendant of only one of the counts alleged in the in the indictment, finding defendant guilty of touching the victim's genitalia on one occasion.

■ Despite the jury's verdict, it appears that the trial court considered the victim's testimony on all of the charges in making its sexual offender classification decisions. We must therefore determine whether it was appropriate for the trial court to consider the three remaining allegations during the sexual offender classification proceedings. We first observe that, unlike the jury, the trial court was not required to find that the allegations were proved beyond a reasonable doubt. The relevant standard in sexual offender classification proceedings is not reasonable doubt, but the lesser standard of clear and convincing evidence:

"After reviewing all testimony and evidence presented at the hearing conducted under division (B)(1) of this section and the factors specified in division (B)(2) of this section, the judge shall determine by clear and convincing evidence whether the offender is a sexual predator." R.C. 2950.09(B)(3).

Here, the victim in this case testified at trial, in front of the same judge who entered the sexual predator finding. She was fully cross-examined by defendant's counsel on these allegations, and the state admitted a transcript of her testimony as an exhibit at the sexual predator hearing without objection from the defendant.

■ We are aware that testimony relating to charges for which the defendant was acquitted may not generally be considered for purposes of sentencing. See, e.g., *Columbus v. Jones* (1987), 39 Ohio App.3d 87, 529 N.E.2d 947. However, we believe that sexual offender classification proceedings are sufficiently different from sentencing to justify the admission of such testimony. To analogize sentencing to sexual offender classification, in this context, is to ignore a crucial distinction: sentencing is punishment, and sexual offender classification is not. Rather, sexual offender classification is directed to the "solely remedial purpose of protecting the public." See *State v. Cook* (1998), 83 Ohio St.3d 404, 423, 700 N.E.2d 570, 585. The double jeopardy concerns that restrict the use of evidence relating to acquitted charges for purposes of sentencing are not implicated by sexual offender classification proceedings. Cf., e.g., *United States v. One Assortment of 89 Firearms* (1984), 465 U.S. 354, 361, 104 S.Ct. 1099, 1104, 79 L.Ed.2d 361, 367–368. "[A]n acquittal in a criminal case does not preclude the Government from relitigating an issue when it is presented in a subsequent action governed by a lower standard of proof." *Dowling v. United States* (1990), 493

U.S. 342, 349, 110 S.Ct. 668, 672, 107 L.Ed.2d 708, 718, quoted in *United States v. Watts* (1997) 519 U.S. 148, 117 S.Ct. 633, 136 L.Ed.2d 554..

█ Moreover, we must reiterate that the transcript of the victim's trial testimony was admitted into evidence at the sexual classification hearing without objection. It is thus subject to a plain error analysis. See *State v. Cook*, 83 Ohio St.3d at 426, 700 N.E.2d at 587–588. In *Cook*, the Supreme Court determined that it was not plain error for a trial court to rely on an uncorroborated and nontestimonial hearsay allegation for which no charges were brought and no conviction was obtained. *Id.* Given this, we cannot hold that it constitutes plain error for the trial court to rely on the sworn testimony of a victim subject to full cross-examination. Based on the foregoing, the trial court properly considered the victim's testimony on the three counts upon which the defendant was acquitted in determining whether the state had demonstrated the defendant's sexual predator status by clear and convincing evidence.

█ In addition to the testimony of the victim, the state presented testimony at the sex offender classification hearing from one young woman who testified regarding an incident that she alleged to have occurred at some point in 1993 or 1994, when she was approximately thirteen years old. This witness alleged that the defendant, while still clothed, had rubbed his penis against her leg. The state also offered testimony from another young woman who alleged that when she was ten or eleven the defendant had exposed his penis to her on two separate occasions. Both witnesses were fully cross-examined by defendant's counsel. Finally, the presentence investigation report established that the defendant had not accepted any responsibility for any of the foregoing incidents, and instead asserted that all of the victims had been lying.

The evidence presented at the sexual offender classification hearing provides a clear and convincing basis for the trial court's conclusion that defendant is a sexual predator. The evidence establishes several relevant R.C. 2950.09(B)(2) factors, including the defendant's age under subsection (a), the age of the victim under subsection (c), a demonstrated pattern of conduct under subsection (h), and the additional characteristic of failing to take responsibility under subsection (j). Accordingly, we conclude that the trial court's determination that the defendant is a sexual predator is supported by sufficient evidence, and overrule defendant's second assignment of error.

For the foregoing reasons, the judgment of the Auglaize County Court of Common Pleas is affirmed.

*Judgment affirmed.*

THOMAS F. BRYANT, P.J., concurs.

WALTERS, J., concurs separately.

WALTERS, Judge, concurring separately.

I concur with the judgment rendered herein because I find, based upon the record before us, that there is sufficient competent evidence for the trial court to have determined, by clear and convincing evidence, that defendant is a sexual predator. However, I am compelled to write separately because I cannot agree with the majority's endorsement of the trial court's consideration of the underlying facts of the charges for which defendant was ultimately acquitted.

In spite of the fact that it was not raised as an assignment of error, the majority discusses the propriety of the court's consideration of the very charges for which defendant was acquitted for the purpose of determining his status as a sexual predator. I do not share the majority's enthusiasm for this consideration.

In *State v. Cook* (1998), 83 Ohio St.3d 404, 425, 700 N.E.2d 570, 587, the Supreme Court of Ohio stated that "[a] sexual predator determination hearing is similar to sentencing or probation hearings where it is well settled that the Rules of Evidence do not strictly apply." Within the context of sentencing hearings, it has long been established under Ohio law that it is improper for a court to sentence a defendant based upon the consideration of the underlying facts of an acquitted charge. See *Columbus v. Jones* (1987), 39 Ohio App.3d 87, 529 N.E.2d 947; *State v. Patterson* (1996), 110 Ohio App.3d 264, 673 N.E.2d. 1001; *State v. Henley* (Oct. 29, 1998), Cuyahoga App. No. 74305, unreported, 1998 WL 774662.

While there may be some authority to the contrary, I remain firmly convinced that such considerations are entirely impermissible. The Supreme Court of the United States has held that under the *federal sentencing guidelines*, it is appropriate to consider the underlying facts of an acquitted charge when determining a sentence for the convicted offense. *United States v. Watts* (1997), 519 U.S. 148, 117 S.Ct. 633, 136 L.Ed.2d 554. Subsequent to this federal decision, one appellate district in this state has held that *Watts* overrules the authority of *Columbus v. Jones, supra.* See *State v. Epley* (Aug. 25, 1998), Franklin App. No. 97APA11–1467, unreported, 1998 WL 542694. However, two other appellate jurisdictions have found that *Watts* only applies to sentencing under the federal guidelines and does not overrule *Jones.* See *State v. Goodman* (Jan. 26, 1998), Stark App. No. CA00171, unreported, 1998 WL 516300; *State v. Henley* (Oct. 29, 1998), Cuyahoga App. No. 74305, unreported, 1998 WL 774662. I am far more comfortable with the position taken by the Cuyahoga County Court of Appeals in *Henley, supra,* that "while *Watts* may overrule Ohio case law with respect to federal constitutional issues, it does not overrule rulings interpreting Ohio Sentence law." Thus, I would conclude that the trial court's reliance on the facts

of any acquitted charges to determine defendant's classification as sexual predator was wholly improper.

The majority appears to reason that because the clear and convincing burden of proof utilized in a sexual predator hearing is lower than the burden of proof necessary to render a guilty verdict, and because the effect of the sexual predator determination is remedial rather than punitive, the consideration of acquitted charges should be permitted. I am convinced that these distinctions merely cloud the issue. Indeed, the clear and convincing standard applicable in the sexual predator setting is applied to determine whether the offender is "likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E). The lesser burden is not applicable to determine whether the offender committed other sexually oriented offenses for which a jury rendered a not guilty verdict.

R.C. 2950.09(B)(2) provides the list of factors that the court is required to consider. Included therein are provisions to consider the offender's prior criminal record and whether the offender previously has been convicted of or pleaded guilty to any criminal offense. See R.C. 2950.09(B)(2)(b) and (f). The finding that the consideration of acquitted charges is proper not only flies in the face of the presumption of innocence afforded to all individuals acquitted of a criminal offense, but it also, I believe, tends to chill the right to a jury trial.

The record presented to this court, convinces me that even without any consideration of the charges for which defendant was acquitted, the trial court's decision to adjudicate defendant a sexual predator was not in error. However, based upon the foregoing, I cannot concur with the reasoning expressed by the majority today.