OPINION
Defendant, William Smith, appeals from the judgment of the Crawford County Court of Common Pleas classifying him as a sexual predator pursuant to R.C. 2950.09. On appeal, defendant raises the following three assignments of error:
 The trial court erred in granting the State's motion to determine the appellant to be a sexual predator, when defendant was never given notice of the hearing as required by the Due Process Clause and the Revised Code.
 The trial court erred in granting the State's motion to determine the appellant to be a sexual predator, where the mere fact that the victim was young is treated as sufficient evidence that the defendant will again re-offend.
 The trial court erred in determining the defendant to be a sexual predator, where there was insufficient proof that defendant is likely to re-offend.
In his first assignment of error, defendant argues that his classification as a sexual predator should be reversed because he did not receive proper notice of the sexual offender classification hearing as required by R.C. 2950.09 and due process.
If the trial court schedules a hearing to determine whether the offender is a sexual predator, "the court shall give the offender and the prosecutor who prosecuted the offender for the sexually oriented offense * * * notice of the date, time, and place of the hearing." R.C.2950.09(C)(2)(b). Offenders must have notice of the hearing in order to "have an opportunity to testify, present evidence, call and examine witnesses and expert witnesses, and cross-examine witnesses and expert witnesses regarding the determination as to whether the offender is a sexual predator." R.C. 2950.09(B)(1); see, also, State v. Gowdy (2000),88 Ohio St.3d 387, 398. Notice and an opportunity to be heard are fundamental requirements of due process. Palazzi v. Estate of Gardner
(1987), 32 Ohio St.3d 169, 171.
As defendant notes in his brief, the Ohio Supreme Court's recent decision in State v. Gowdy, supra, addressed the notice issue with respect to sexual offender classification hearings. In Gowdy, the trial court scheduled the defendant's sentencing hearing but never mentioned a sexual offender classification hearing. It appears that neither defense counsel nor the defendant had received notice that the sexual offender classification hearing was going to proceed. The Supreme Court held that the notice required under R.C. 2950.09 is mandatory and, therefore, it was plain error to fail to provide the defendant with proper advance notice of the classification hearing.
Here, however, the procedural facts are very different than those present in Gowdy. For example, in this case, there is a judgment entry in the record indicating that counsel had been appointed on July 26, 2000 to represent defendant for the sexual offender classification hearing. On that same day, defendant's appointed counsel was sent a copy of the notice of the classification hearing scheduled for August 28, 2000. Defendant and his counsel were present for the hearing. Based on this record, we find the notice was given to defendant's counsel approximately one month before the hearing, and nothing in the record suggests that this notice was not adequate. See State v. Johnson (Aug. 4, 2000), Montgomery App. No. 18094, unreported, 2000 WL 1062403 (record contained no suggestion notice inadequate where order setting the sexual offender classification hearing was served on defendant's assigned counsel more than two months prior to the hearing). Moreover, we further note that defendant raised no objection with the trial court as to notice when the court could have inquired or otherwise taken evidence with regards to any error or defect in the notice provided to him.
A review of the transcript of defendant's sexual offender classification proceeding in this case also shows that he was given every opportunity to present evidence and was given the opportunity to testify. Defendant was represented by counsel who argued the relevant factors regarding whether defendant should be classified as a sexual predator and then asked on the record to be satisfied that defendant wished to not testify. Defendant or his counsel never requested to present any additional evidence or argument to the trial court.
Accordingly, in view of the circumstances of this case, we find that the error which defendant has assigned does not involve "exceptional circumstances" for the civil plain error doctrine to apply. SeeGoldfuss v. Davidson (1997), 79 Ohio St.3d 116, syllabus. Defendant's first assignment of error is overruled.
We will address defendant's remaining assignments of error together. In his second assignment of error, defendant essentially argues that the fact of the eleven-year-old victim and the underlying sexual offense is an insufficient basis upon which to make a sexual predator determination. In his third assignment of error, defendant challenges the evidence presented by the State in this matter. In particular, the information of other uncharged acts from the police report as recited by the prosecutor that constituted hearsay.
We first note that a "sexual predator" is defined as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E). We further note that R.C.2950.09(C)(2)(b) states: "After reviewing all testimony and evidence presented at the sexual predator hearing and the factors specified in division (B)(2) of this section, the court shall determine by clear and convincing evidence whether the offender is a sexual predator." If a trial court's determination is supported by evidence legally sufficient to meet the clear and convincing standard of proof, it will not be disturbed by a reviewing court. See, e.g. State v. Anderson (1999),135 Ohio App.3d 759, 763.
In State v. Cook (1998), 83 Ohio St.3d 404, 425, the Ohio Supreme Court held that the Ohio Rules of Evidence do not strictly apply at a sexual predator determination hearing. Accordingly, the Supreme Court concluded that the trial court in making a sexual predator determination may rely upon reliable hearsay, such as a presentence investigation report. Id.
Further, in Cook, the Supreme Court determined that it was not plain error for a trial court to rely on an uncorroborated and nontestimonial hearsay allegation for which no charges were brought and no conviction was obtained. Id. at 426.
With regard to the information supplied in court of two allegations of defendant molesting young girls, while defense counsel did differ with the prosecutor with respect to whether there were multiple victims, counsel should have formally objected to the admission of this evidence. We have previously held that a prior uncharged allegation of sexual abuse based on hearsay was unreliable due to the unsubstantiated nature of the allegation and its age, and therefore, concluded that the information was inadmissible at the sexual predator determination hearing. State v.Austin (Aug. 2, 2000), Marion App. No. 9-2000-11, unreported, 2000 WL 1061238. However, at this point we note that even without consideration of these allegations, the record before this court convinces us that the evidence presented at the sexual offender classification hearing establishes that defendant was likely to likely to engage in other sexually oriented offenses in the future.
In this case, defendant pled guilty in 1989 to raping his eleven-year-old daughter. The trial court had in its possession the postsentence investigation report which revealed that the details of the offense to which defendant pled guilty relate to defendant engaging in vaginal intercourse, anal intercourse and cunnilingus with his daughter. The trial court specifically based its determination on the age of the victim at the time of the offense [R.C. 2950.09(B)(2)(c)]. Statements made by the trial court also indicate reliance on the fact that this went on for several years, as suggested to the court. Nonetheless, the record contains evidence which supports a finding that a pattern of repeated sexual abuse by defendant existed. The offense charged in the indictment to which defendant pled guilty specified a five-day interval in October 1998. Evidence contained in the postsentence investigation report indicates that the State's case against the defendant included raping his daughter on at least four occasions during this period of time. Given the number of occasions of sexual abuse within a relatively short period of time, the record arguably demonstrates that defendant's conduct constituted "a pattern of abuse" [R.C. 2950.09(B)(2)(h)].
Finally, the court commented that the age of the victim, coupled with a parent's position of authority, creates a situation in which mere words or suggestion could display a "threat" necessary to effect the abuser's purpose. Transcript at *14; see, also R.C. 2950.09(B)(2)(j).
Based on the foregoing, we find that the trial court had sufficient evidence before it from which to determine by clear and convincing evidence that defendant was a sexual predator as defined by the statute. Accordingly, defendant's second and third assignments of error are overruled.
The judgment of the Crawford County Court of Common Pleas is affirmed.
HADLEY, P.J., and WALTERS, J., concur.