OPINION
 STATEMENT OF THE FACTS AND CASE
Appellant Timothy L. Cook was employed as a junior high school teacher with Mt. Gilead Exempted Village School District from 1988 to 1997, which included a period of time where he also served as the junior high cross-country coach.
From 1992 to 1994 Appellant Timothy L. Cook was also employed by the Mt. Gilead Church of Christ as a part time youth minister
From 1997 to 1999, Appellant was employed by Tri-Rivers Joint Vocational School as a technical coordinator.
Appellant's employment as a teacher, youth minister, track coach and coordinator put him a position to form relationships with the three victims in this case, known as A.G., H.B., and T.R.
Appellant's sexual relationship with A.G. began in the spring of 1992 when she was 15 years old and continued until the spring of 1993.
Appellant's sexual relationship with H.B. began in July, 1993, when she was 16 years old and continued until February, 1996.
Appellant's sexual relationship with T.R began in the summer of 1994 when she was 14 years old and continued until the fall of 1997.
Appellant was 26 years old in 1992 when he began his sexual relationship with the first victim and 32 in 1997 when the relationship with the last victim ended.
On January 31, 2001, Appellant was indicted on the following charges:
 25 Counts of Sexual Battery, in violation of R.C. § 2907.03(A)(7)
 8 Counts of Corruption of a Minor, in violation of R.C. § 2907.04
 1 Count of Gross Sexual Imposition, in violation of R.C. § 2907.05
On June 22, 2001, pursuant to a written plea agreement, Appellant entered pleas of guilty to eight (8) counts of Sexual Battery and seven (7) counts of Corruption of a Minor, each felonies of the third degree.
These fifteen counts involved five counts each for each of the three different teen-age victims.
The remaining counts in the indictment were dismissed.
On August 17, 2001, the trial court conducted a sexual predator hearing with the sentencing hearing immediately following.
The State did not present any testimony during the sexual predator hearing but asked the trial court to consider the presentence investigation report and the information contained in the record.
The trial court determined Appellant to be a sexual predator pursuant to R.C. § 2950.09(B)(2).
It is from this decision that Appellant filed the instant appeal, assigning the following sole error:
ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN FINDING APPELLANT A SEXUAL PREDATOR UNDER OHIO REVISED CODE SECTION 2950.01.
Appellant argues that the facts in the case sub judice do not support a finding by clear and convincing evidence that Appellant is a sexual predator as there was not clear and convincing evidence of his likelihood to re-offend but argues instead that he should have been classified only as a sexually oriented offender. We disagree.
In State v. Cook (1998), 83 Ohio St.3d 404, the Ohio Supreme Court determined that R.C. Chapter § 2950 is remedial in nature and not punitive. As such, we will review appellant's sole Assignment of Error under the standard of review contained in C.E. Morris Co. v. FoleyConstr. (1978), 54 Ohio St.2d 279. Under this standard, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. Id. at syllabus.
A sexual predator is defined as a person who has been convicted of or pleaded guilty to committing a sexually oriented offense, and is likely to engage in the future in one or more sexually oriented offenses. R.C. § 2950.01 (E). The State has the burden of proving by clear and convincing evidence that a convicted offender qualifies as a sexual predator pursuant to the statutory definition. Clear and convincing evidence is the measure of proof which is more than a mere preponderance of the evidence, but not to the extent of certainty as required beyond a reasonable doubt in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established. State v. Anderson (1999), 135 Ohio App.3d 759, 763.
R.C. § 2950.09 (B)(2) sets forth a number of non-exclusive factors which the court must consider in assessing when an offender qualifies as a sexual predator:
 (2) In making a determination under divisions (B)(1) and (3) of this section as to whether an offender is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
Recently, the Ohio Supreme Court has noted that these guidelines do not control the judge's discretion. State v. Thompson (2001),92 Ohio St.3d 584, 587. The statute does not direct the court on what weight, if any, it must assign to each factor. Id. Determining recidivism is at best imperfect science, and while the guidelines may set forth potentially relevant factors, some may not be applicable in every case, and the statute therefore does not divest a court of its fact finding powers in assessing the relevancy of each factor. Id. at 587-588.
In classifying appellant a sexual predator, the trial court considered the above factors and made the following conclusions on the record. First, the trial court noted appellant engaged in a pattern of conduct involving multiple victims, in this case at least three individuals. (T. at 28-29). The court had before it the presentence investigation report. The court also had before it the following evidence in the record: appellant's conduct was a pattern of behavior that occurred over a period of time of five years. (T. at 9). The victims were 14, 15, and 16 years old at the time Appellant engaged in sexual relationships with them. (T. at 9). Appellant was 26 years old when the offenses began and 32 years old when they ended. (T. at 8). Appellant's relationship with the victims was that of track coach, former teacher and/or youth minister. (T. at 12). Descriptions by all three victims as to the sexual nature of the relationship involving numerous incidents of telephone sex, oral sex and vaginal sex occurring in the victim's parents homes, the defendant's home and defendant's pickup truck as well as many other locations which included cemeteries and the church sanctuary. (T. at 12-14).
We find the evidence presented to the trial court supports the finding that appellant is a sexual predator and is likely to engage in the future in one or more sexually oriented offenses. The trial court's decision is supported by clear and convincing evidence and is not against the manifest weight of the evidence.
The sole assignment of error is overruled.
The judgment of the Morrow County Common Pleas Court is affirmed.
By BOGGINS, J., HOFFMAN, P.J., and EDWARDS, J., concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Morrow County, Ohio is affirmed. Costs to Appellant.