OPINION
{¶ 1} The defendant-appellant, Aron Lichtenberger, appeals the August 28, 2002 judgments of conviction and sentencing of the Common Pleas Court of Van Wert County, Ohio.
 {¶ 2} The facts relevant to this appeal are as follows. On October 20, 2001, Lichtenberger's then girlfriend, Cathleen Miller, gave birth to the appellant's daughter. After Lichtenberger and Miller separated, she discovered a videotape taken by him. The video, taken on November 26, 2001, depicted Lichtenberger purportedly changing his daughter's wet diaper. However, in so doing, he focused the camera on the vaginal area of his child and then repeatedly touched her vagina, including manipulating her labia and clitoris, for approximately two to three minutes. Lichtenberger then focused the camera on his daughter's face and upper torso as she continued to lie on her back. After only a few seconds, the baby began to show visible signs of distress and one can hear him telling her to "hold on, daddy will be done in a minute." However, the video did not depict what actions Lichtenberger was taking during this time. Nearly ten minutes after he began to "change" his daughter's diaper, he placed a new diaper on her.
 {¶ 3} After viewing this video, Miller contacted the police. She gave the police the video, as well as a photo album that contained various pictures and the family computer. This collection of information resulted in two indictments against Lichtenberger. One indictment, case No. CR-02-01-005, included one count of rape in violation of R.C.2907.02(A)(1)(b) and (B), a felony of the first degree, one count of gross sexual imposition in violation of R.C. 2907.05(A)(4), a felony of the third degree, and two counts of pandering obscenity involving a minor in violation of R.C. 2907.321(A)(5), both felonies of the third degree. The other indictment, case No. CR-02-05-059, contained one count of pandering obscenity involving a minor in violation of R.C. 2907.321(A)(6), a second degree felony, and three counts of pandering sexually oriented matter involving a minor in violation of R.C. 2907.322(A)(1), all second degree felonies as well.
 {¶ 4} Pursuant to plea negotiations, Lichtenberger pled no contest to one count of gross sexual imposition in case No. CR-02-01-005 and to one count of pandering obscenity involving a minor in case No. CR-02-05-059 in exchange for the dismissal of all the remaining counts in those two cases. After hearing the State read the relevant counts of the indictment and reviewing the videotape and a photo originating in California of what purported to be a minor engaging in cunnilingus, the trial court found Lichtenberger guilty on both counts. The court then ordered a pre-sentence investigation ("PSI") and a sexual offender risk assessment. The matter came on for sentencing and a sexual offender classification hearing on August 28, 2002. The trial court sentenced Lichtenberger to four years for the gross sexual imposition conviction and two years for the pandering obscenity involving a minor conviction. The court further ordered that the sentences be served concurrently. In addition, the court adjudged Lichtenberger to be a sexual predator. This appeal followed, and the appellant asserted three assignments of error. However, during oral arguments before this Court, counsel for the appellant made a motion to withdraw the third assignment of error, which we now grant. Thus, we proceed to discuss only the first and second assignments of error.
 First Assignment of Error {¶ 5} "The Trial Court erred in finding that the State's statement of the facts and circumstances contained sufficient evidence for it to find Appellant guilty beyond a reasonable doubt."
 {¶ 6} As previously noted, the appellant pled no contest to one count of gross sexual imposition and one count of pandering obscenity. The Rules of Criminal Procedure provide that a "plea of no contest is not an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the indictment[.]" Crim.R. 11(B). The Ohio Supreme Court has determined that "[w]here the indictment, information, or complaint contains sufficient allegations to state a felony offense and the defendant pleads no contest, the court must find the defendant guilty of the charged offense." State v. Bird (1998), 81 Ohio St.3d 582, syllabus, citing State ex rel. Stern v. Mascio (1996), 75 Ohio St.3d 422,425. Thus, "by pleading no contest to the indictment, [an] appellant is foreclosed from challenging the factual merits of the underlying charge."Bird, 81 Ohio St.3d at 584.
 {¶ 7} In Bird, the defendant was charged with felonious assault with a deadly weapon, a violation of R.C. 2903.11, for spitting in a police officer's face knowing he was infected with the human immunodeficiency virus ("HIV"). Id. at 583. He entered a plea of no contest but challenged the court's finding of guilt, alleging that the indictment was insufficient as it failed to establish the elements of the offense, namely that saliva was a deadly weapon and that he knowingly caused or attempted to cause the officer physical harm. Id. at 584. However, the Supreme Court held that the indictment was sufficient to charge an offense because its language mirrored the language of the statute with which he was charged. Id. at 585. Thus, a determination as to whether saliva was a deadly weapon, which was a capable of transferring HIV, was not necessary. Id.
 {¶ 8} In this case, the appellant pled no contest to gross sexual imposition, a violation of R.C. 2907.05(A)(4). In relevant part, this section provides: "No person shall have sexual contact with another, not the spouse of the offender * * * when any of the following applies: * * * (4) The other person, or one of the other persons, is less than thirteen years of age, whether or not the offender knows the age of that person." R.C. 2907.05(A)(4).
 {¶ 9} Count two of the indictment in case No. CR-02-01-005 states: "On or about the 26th day of November 2001 in Van Wert County, Ohio, Aron D. Lichtenberger did have sexual contact with another who is not the spouse of the offender or cause another, not the spouse of the offender, to have sexual contact with the offender when the victim is less than thirteen years of age, whether or not the offender knows the age of the victim." As was the case in Bird, the indictment against Lichtenberger mirrored the language of the statute. Although he maintains that the video submitted did not sufficiently establish that the contact made between him and his daughter was "sexual contact", by pleading no contest to the indictment, Lichtenberger is foreclosed from challenging the factual merits of the underlying charge. Thus, a determination as to whether the manner by which he touched his daughter constituted sexual contact was not necessary.
 {¶ 10} In addition, the appellant pled no contest to one count of pandering obscenity involving a minor, a violation of R.C. 2907.321(A)(6). This statutory section reads: "No person, with knowledge of the character of the material or performance involved, shall do any of the following: * * * (6) Bring or cause to be brought into this state any obscene material that has a minor as one of its participants or portrayed observers." R.C. 2907.321(A)(6).
 {¶ 11} Count one of the indictment in case No. CR-02-05-059 states: "on or about the 4th day of December 2001, at Van Wert County, Ohio, Aron D. Lichtenberger with knowledge of the character of the material or performance involved, did bring or cause to be brought into this state any obscene material that has a minor as one of its participants or portrayed observers." Once again, as was the case inBird, the indictment against Lichtenberger mirrored the language of the statute. Although he maintains that the picture submitted did not sufficiently establish that the participant was a minor or that the material was obscene, by pleading no contest to the indictment, he is foreclosed from challenging the factual merits of the underlying charge. Thus, a determination as to whether the female in the picture was a minor and whether the material was obscene was not necessary. Therefore, the first assignment of error is overruled.
 Second Assignment of Error {¶ 12} "The Trial Court erred in finding that the State presented sufficient evidence for it to find by clear and convincing evidence that Appellant should be classified a sexual predator."
 {¶ 13} Lichtenberger contends that the evidence before the trial court did not sufficiently establish that he was likely to engage in the future in one or more sexually oriented offenses, especially given the fact that this was his only sexually oriented offense and that he consistently maintained his innocence. The Ohio Supreme Court has recently held that a single sexually oriented conviction can support a sexual predator adjudication. State v. Eppinger (2001), 91 Ohio St.3d 158,167. A "sexual predator" is defined by the Ohio Revised Code as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented crimes." R.C. 2950.01(E). The crime of gross sexual imposition is included in the definition of "sexually oriented offense." R.C. 2950.01(D)(1)(a).
 {¶ 14} In making a sexual predator determination, R.C. 2950.09(B)(2) states, in pertinent part, that the "trial court shall consider all relevant factors, including, but not limited to, all of the following: (a) The offender's age; (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses; (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed; * * * (g) Any mental illness or mental disability of the offender; (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse; * * * (j) Any additional behavioral characteristics that contribute to the offender's conduct. In addition, "[r]igid rules generally have no place in this determination, as courts should apply the enumerated factors and consider the relevance, application, and persuasiveness of individual circumstances on a case-by-case basis." State v. Robertson (2001), 147 Ohio App.3d 94, 98
(citations omitted).
 {¶ 15} In classifying an offender as a sexual predator, the Revised Code requires the trial court to make this finding only when the evidence is clear and convincing that the offender is a sexual predator. R.C. 2950.09(B)(4). The Supreme Court of Ohio has held that "[c]lear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as is required beyond a reasonable doubt as in criminal cases. It does not mean clear and unequivocal." Cross v. Ledford (1954), 161 Ohio St. 469, 477, citing Merrick v. Ditzler (1915), 91 Ohio St. 256. Further, when "the degree of proof required to sustain an issue must be clear and convincing, a reviewing court will examine the record to determine whether the trier of facts had sufficient evidence before it to satisfy the requisite degree of proof." Cross, supra (citations omitted). Thus, we are required to determine whether the evidence was sufficient for the trial court to classify Lichtenberger as a sexual predator by a clear and convincing degree of proof.
 {¶ 16} "Instead of deciding whether the offender is particularly deserving of punishment, the issue presented to the court at a sexual offender classification hearing is whether the defendant is likely to commit future sexually oriented offenses." Eppinger,91 Ohio St.3d at 166. The statutory scheme of R.C. Chapter 2950 provides the trial court with significant discretion in evaluating factors that may be relevant to its recidivism determination. See State v. Cook (1998), 83 Ohio St.3d 404,426. However, R.C. 2950.09(B)(2) mandates the consideration of certain facts of the underlying offense and any other relevant circumstances or additional behavioral characteristics that contribute to the offender's conduct or otherwise indicate that he is likely to engage in another sexually oriented offense in the future. "Circumstances within the underlying offense are often especially indicative of the offender's likelihood to re-offend sexually, and the weight of such evidence can, without more, support the designation of sexual predator by clear and convincing evidence." Id., citing State v. Eaton, 2nd Dist. No. 18690,2001-Ohio-1760; State v. Queary, 2nd Dist. No. 18300, 2001-Ohio-1491;State v. Henson (Mar. 14, 2000), Franklin App. No. 99AP-553, unreported, appeal dismissed (2000), 89 Ohio St.3d 1454.
 {¶ 17} In examining the circumstances surrounding the underlying offense, this Court, in relying upon authority from the Tenth District Court of Appeals, has previously determined that "The age of the victim is probative because it serves as a telling indicator of the depths of offender's inability to refrain from such illegal conduct. The sexual molestation of young children, aside from its categorization as criminal conduct in every civilized society with a cognizable criminal code, is widely viewed as one of the most, if not the most, reprehensible crimes in our society. Any offender disregarding this universal legal and moral reprobation demonstrates such a lack of restraint that the risk of recidivism must be viewed as considerable." State v. Collins, Union App. No. 14-99-05, 1999-Ohio-819, 1999 WL 455355, quoting State v. Daniels
(Feb. 24, 1998), Franklin App. No. 97APA06-830. Both the legislature and a multitude of courts have acknowledged "the overwhelming statistical evidence supporting the high potential of recidivism among sex offenders whose crimes involve the exploitation of young children." Daniels,supra, citing e.g. Kansas v. Hendricks (1997), 521 U.S. 346.
 {¶ 18} In addition, psychiatric evidence may provide sufficient independent support for a sexual predator adjudication. Robertson,147 Ohio App.3d at 101. However, this material should generally be reviewed in light of the entirety of evidence presented and the role the psychiatric findings played in the court's overall determination, as courts are generally free to accept or reject the entirety or portions of a psychologist's conclusions. Id. Furthermore, other sexually oriented offenses, some but not all of which resulted in convictions, are properly considered in a sexual predator determination, as they are relevant to pertinent aspects of a defendant's criminal and social history and are probative of the propensity of an offender to engage in other sexually oriented offenses in the future. See State v. Anderson (1999),135 Ohio App.3d 759, 764.
 {¶ 19} Here, Lichtenberger contends that the information contained in the psychological evaluation and the PSI came from unreliable sources who were not subject to cross-examination and that his persistence that he was innocent led to the inaccurate assumption for purposes of the evaluation that all allegations were assumed to be true. Lichtenberger asserts these arguments largely based upon the fact that the persons who provided the information relied upon in the PSI and psychological evaluation were not under oath or subject to cross-examination at the time that they made these statements. However, he waived his right to confront witnesses regarding the allegations contained in the indictments by pleading no contest to these charges. In addition, although his counsel was permitted to review the psychological evaluation and the PSI and he was afforded the opportunity to present witnesses on his behalf, including those who provided information for the evaluation and PSI, during the sexual offender classification hearing, he opted not to present any evidence to the trial court. Our review of the record persuades us that there was sufficient evidence upon which the court could have found that Lichtenberger was likely to commit another sexually oriented offense in the future by clear and convincing evidence.
 {¶ 20} The trial court relied in part on the psychological evaluation, which diagnosed Lichtenberger as suffering from a mental illness or disability, namely impulse control disorder, pedophilia, and fetishism. See R.C. 2950.09(B)(2)(g). The court also found that the victim of the offense was less than one year of age at the time of the offense. See R.C. 2950.09(B)(2)(c). This finding was supported by the evidence, which demonstrated that the appellant's daughter was approximately five weeks old and in fact had yet to lose her umbilical cord tape. As previously noted, these findings alone amply support the trial court's decision to classify Lichtenberger as a sexual predator. In addition, Steve Morrison, the licensed independent social worker who conducted the evaluation, opined that the appellant was in the High Level to sexually re-offend based upon the findings of the Static-99 assessment and that his high risk status "threatens the safety of children in the community." Moreover, Lichtenberger's underlying offense involved the molestation of his infant daughter who was unable to thwart his actions or even inform someone else of his molestation of her.
 {¶ 21} Given the supported findings of the trial court, the circumstances surrounding the gross sexual imposition offense, and the other conviction for pandering obscenity involving a minor, as well as Lichtenberger's denial of the charges against him, the trial court did not err in finding by clear and convincing evidence that Lichtenberger was likely to re-offend in the future. Accordingly, the second assignment of error is overruled.
 {¶ 22} For these reasons, the judgments of the Common Pleas Court of Van Wert County, Ohio, are affirmed.
Judgments affirmed.
 BRYANT and WALTERS, J.J., concur.