[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY. {¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
 {¶ 2} Defendant-appellant, Michael Hill, appeals his adjudication as a sexual predator pursuant to R.C. Chapter 2950. In his sole assignment of error, he contends that the state's evidence was insufficient to support the adjudication. This assignment of error is not well taken.
 {¶ 3} The record shows that Hill was convicted of one count of rape pursuant to R.C. 2907.02(A)(2). The victim was a twenty-two-year-old woman who was deaf and mentally retarded. The trial court based its finding that Hill was a sexual predator on the following: (1) the brutality of the crime that involved multiple rapes, particularly given the victim's handicaps; (2) Hill's lengthy criminal history; and (3) a psychiatric report that placed him at a medium-to-high risk to commit another sexually-oriented offense.
 {¶ 4} Hill contends that this rape was his only sexually-oriented offense and takes issue with the trial court's finding that there were multiple rapes. The record shows, however, that Hill was originally charged with four counts of rape and one count of kidnapping. Hill pleaded guilty to one count of rape as part of plea bargain that was the result of the difficulty in communicating with the victim. Courts have held that evidence relating to a sexually-oriented offense of which the offender was acquitted is admissible in a sexual-predator hearing because of the lesser burden of proof. Also, the evidence is relevant to the offender's criminal and social history and probative of the offender's propensity to engage in sexually-oriented offenses in the future. Statev. Anderson, 135 Ohio App.3d 759, 1999-Ohio-928, 735 N.E.2d 909; Statev. McKinniss, 3rd Dist. No. 3-03-05, 2003-Ohio-4239; State v. Kovecky
(Oct. 31, 2000), 10th Dist. No. 00AP143. The same logic applies to charges dismissed as part of a plea bargain. The evidence presented at the sexual-predator hearing supported the finding that Hill had raped the victim numerous times, despite his plea to only one count of rape.
 {¶ 5} After reviewing the record, we hold that the trial court had sufficient evidence before it to produce a firm belief or conviction that Hill is likely to commit another sexual offense. Consequently, the court properly found by clear and convincing evidence that Hill is a sexual predator. See R.C. 2950.09(B); State v. Cook, 83 Ohio St.3d 404,1998-Ohio-291, 700 N.E.2d 570; State v. Morales, 1st Dist. No. C-020604,2003-Ohio-4200. We overrule Hill's assignment of error and affirm the trial court's judgment.
 {¶ 6} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Painter and Winkler, JJ.