OPINION
{¶ 1} Although originally placed on our accelerated calendar, we have elected, pursuant to Local Rule 12(5), to issue a full opinion in lieu of judgment entry.
 {¶ 2} Defendant-Appellant, Timothy Rickard, appeals a judgment of the Mercer County Court of Common Pleas classifying him as a sexual predator. On appeal, Rickard asserts that the trial court erred in finding that there were multiple victims and that his psychological assessment indicated a high risk level for reoffending. Finding that the trial court's determination that multiple victims were involved was not plain error and that the trial court's mischaracterization of the psychological evaluator's risk assessment was harmless, we affirm the judgment of the trial court.
 {¶ 3} In July of 1991, Rickard was convicted of one count of rape of a four year-old girl and two counts of rape of a four year-old boy and sentenced to imprisonment. Rickard appealed that verdict. This Court reversed the guilty verdicts on both counts involving the boy and affirmed the guilty verdict on the count involving the girl. See State v. Rickard, 3d Dist. No. 10-91-5,1992 WL 239325.
 {¶ 4} In January of 2006, the Ohio Department of Rehabilitation and Corrections notified the Mercer County Court of Common Pleas that Rickard was coming up for release from incarceration and had not yet been subject to a sexual offender classification hearing. In February of 2006, seven months prior to his scheduled release from prison, the trial court held a hearing to determine Rickard's sex offender classification. At the hearing, the trial court considered the trial transcript, the presentence investigation report, the psychosexual evaluation of Rickard, and statutory factors in making its determination. (Hearing Tr. p. 31-32). The trial court found Rickard to be a sexual predator.
 {¶ 5} In his psychosexual evaluation report, Steven Morrison, the social worker who conducted the evaluation, reported that he administered two standard sexual offender tests, the Static 99 Risk Assessment and the Sex Offender Needs Assessment Rating (SONAR). The results of both tests indicated that Rickard was at a low risk to reoffend in the future. However, Morrison formulated the following clinical opinion in which he concluded that Rickard fit the FBI Typology for a Regressed Molester:
In review of the court documents dated July 22, 1991, Mr.Rickard denied the charges that were brought against him from theonset. It is interesting to note, however, that he did so in avery compliant and non-reactionary or angry manner. Examplesinclude the following quotes of Mr. Rickard after being foundguilty: "I can accept prison o.k. In prison I'll get three squaremeals, I'll get T.V., I'll get recreation." "I'm going to betaken care of. I won't deny the kids were raped, but I know Ididn't do it." "But that's not all bad (being convicted of thecrimes. Italics mine. SM).
* * *
It is difficult to categorize someone who is denying hisoffense(s) since there is limited reference points from which todetermine characteristics. If Mr. Rickard has, in fact, molestedchildren, this worker would evaluate him as a Regressed Molester.Those of this profile are socially inept individuals who relateto children as peers. Their primary orientation is toward otheradults and their sexual contacts with children are oftenepisodic, impulsive, and less premeditated than that of otheroffenders (Nicholas Groth, Ph.D.).
* * *
Because Mr. Rickard has adamantly denied he has sexuallyoffended children, it cannot be said with certainty that he hasdone so. This opinion is immediately counter-balanced by the factthat he was found guilty in a court of law. His nonchalantattitude about being wrongfully convicted and his refusal toparticipate in treatment are of concern. This writer has noknowledge whether the victims' renditions remained consistentover time. If they did, this is an almost sure sign that youngvictims are telling the truth. Allegations from multiple victimsis another indicator of victim credibility. If Mr. Rickard is insome sort of denial about his sex offending, he is then rated tobe at a higher risk for offending in the future.
(Evaluation, p. 1-3).
 {¶ 6} Further, at the hearing Morrison explained that if Rickard is in denial that he committed the offense, but actually committed the offense, he is at a higher risk of offending. However, Morrison reiterated that his clinical opinion was limited because Rickard's denial of the offense precluded Morrison from pursuing lines of questioning that would have aided him in the analysis.
 {¶ 7} Based upon the trial transcript, the presentence investigation report, and the psychosexual evaluation, the trial court found that Rickard was a sexual predator under R.C. 2950.01
and was likely to reoffend in the future. In addition, the trial court made the following findings based upon several of the factors enumerated in R.C. 2950.09(B)(3)(a)-(j):
(1) In considering subsection (a) and (c), that thedefendant's age at the time of the offense was 39 years old, andthe victim in Count One was 4 years of age, and that the offenderis now 54 years of age.
 (2) That considering factor (d) [the] Court finds by apreponderance of the evidence that the sexually oriented offensescommitted by the defendant involved multiple victims.
 (3) That considering factor (f), that the defendant hascompleted approximately fifteen years of imprisonment on theoffense and that throughout this time he has failed and refusedto participate in the intensive sex offender treatment availableto him at ODRC.
 (4) That considering factor (g), that the defendant has amental illness or disability.
 (5) That considering factor (h), that the nature of theoffense that he was convicted of, having intercourse with a fouryear-old child, who was in the care of the defendant's wife asthe child's babysitter, demonstrates a devious and opportunisticorientation toward children which often results in impulsiveacting out, and the court further finds that the element of forceis inherent in the perpetration of such an act upon a child ofsuch tender years.
 (6) That considering factor (j), that the defendant'snonchalant attitude toward his conviction and his victim, and hissteadfast refusal to accept responsibility for his acts and toengage in treatment makes it significantly more likely that hewill reoffend in the future.
(April 5, 2006 Nunc Pro Tunc Judgment Entry p. 2-3).[1]
Rickard appeals this judgment, presenting the following assignment of error for our review.
IN DETERMINING THAT APPELLANT WAS A SEXUAL PREDATOR, THE TRIALCOURT ERRED IN FINDING THERE WERE MULTIPLE VICTIMS AND THATAPPELLANT'S PSYCHOLOGICAL ASSESSMENT INDICATED A HIGH RISK LEVELFOR REOFFENDING.
 {¶ 8} In his sole assignment of error, Rickard contends that the trial court erred in finding multiple victims and that Rickard posed a high risk level of reoffending. Specifically, Rickard asserts that, because he was convicted of only one offense of one victim, the trial court could not consider any evidence regarding the dismissed charges or overturned convictions involving other alleged victims for the classification hearing. Furthermore, Rickard contends that the trial court mistakenly transformed Morrison's opinion that Rickard's denial of the offense presented a "higher risk for offending in the future" into a "High Risk Level to sexually reoffend" and effectively ignored the psychosexual assessments indicating that Rickard presented a low risk to reoffend. We disagree.
 {¶ 9} A sexual predator is a person "who has been convicted of or pleaded guilty to committing a sexually oriented offense that is not a registration-exempt sexually oriented offense * * * and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E)(1).
 {¶ 10} The trial court must determine by clear and convincing evidence whether or not the offender is a sexual predator and specify its reasoning. R.C. 2950.09(B)(4). Clear and convincing evidence is that evidence "which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established." Cross v. Ledford (1954),161 Ohio St. 469, 477. While clear and convincing evidence is "more than a mere preponderance" of the evidence, it is less than that which constitutes evidence "beyond a reasonable doubt." State v.Eppinger, 91 Ohio St.3d 158, 164, 2001-Ohio-247, citingLedford, 161 Ohio St. at 477. As long as the trial court's "determination is supported by evidence legally sufficient to meet the clear and convincing standard of proof, it will be affirmed by a reviewing court." State v. Anderson (1999),135 Ohio App.3d 759, 763, referencing State v. Schiebel (1990),55 Ohio St.3d 71, 74.
 {¶ 11} In a sexual offender classification hearing, a trial court should meet three objectives: (1) create a record for review; (2) obtain an expert's assessment if the circumstances so require; (3) consider the statutory factors listed in R.C.2950.09(B)(3). Eppinger, 91 Ohio St.3d at 166. R.C.2950.09(B)(3) provides the following factors:
(a) The offender's age;
 (b) The offender's prior criminal record regarding alloffenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense;
 (d) Whether the sexually oriented offense involved multiplevictims;
 (e) Whether the offender used drugs or alcohol to impair thevictim or to prevent the victim's resistance;
 (f) If the offender previously has been convicted or pleadedguilty to a criminal offense, whether the offender completed anysentence, whether the prior offense was a sexually orientedoffense, and whether the offender participated in any programsfor sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexualcontact, or interaction in a sexual context with the victim ofthe sexually oriented offense and whether the sexual conduct,sexual contact, or interaction in a sexual context was part of ademonstrated pattern of abuse;
 (i) Whether the offender displayed cruelty or made one or morethreats of cruelty during the commission of the sexually orientedoffense;
 (j) Any additional behavioral characteristics that contributeto the offender's conduct.
The trial court may rely on some factors more than others based on the facts of a particular case. State v. Boshko (2000),139 Ohio App.3d 827, 840. Moreover, the trial court is not required to find that the evidence supports a majority of the factors. Id.
 {¶ 12} In addition, the Ohio Rules of Evidence do not strictly apply to sexual offender classification hearings. Statev. Cook (1998), 83 Ohio St.3d 404, 425. Instead, a trial court "has the discretion to consider all cogent evidence on the issues so long as the evidence satisfies a basic standard of being reliable, substantive, and probative." State v. Lee (1998),128 Ohio App.3d 710, 719. Thus, a trial court may consider any reliable hearsay, including presentence investigation reports, in making its determination. Cook, 83 Ohio St.3d at 425.
 {¶ 13} In the case sub judice, Rickard contends that the trial court erred in finding that multiple victims were involved under R.C. 2950.09(B)(3)(d) because the conviction for the two counts of rape of the boy were overturned.
 {¶ 14} The trial court specified that it classified Rickard to be a sexual predator based upon the trial transcripts, the presentence investigation report, the psychosexual evaluation, and the statutory factors. Furthermore, we note that the trial transcript and presentence investigation report, both of which contained information concerning multiple victims, were admitted into evidence at the sexual offender classification hearing by joint stipulation of the parties.
 {¶ 15} Because Rickard did not object to the introduction of the trial transcript, presentence investigation report, or psychosexual evaluation report into evidence, Rickard has waived all but a plain error objection to the trial court's reliance on them in its finding of multiple victims. Cook,83 Ohio St.3d at 426; Anderson, 135 Ohio App.3d at 765. In Cook, the Ohio Supreme Court held that it was not plain error for a trial court to rely on uncorroborated, nontestimonial hearsay allegations for which no charges were brought and no conviction obtained in making a sexual offender classification determination. Cook,83 Ohio St.3d at 426. Likewise, this Court has previously determined that it was not plain error for a trial court to rely on the sworn testimony of a victim during a sexual classification hearing, even though the defendant was acquitted on the particular counts regarding that victim. Anderson,135 Ohio App.3d at 765. In Anderson, we noted that the victim was subject to full cross-examination by the defendant and that the judge conducting the sexual offender classification hearing was the same judge that presided over the defendant's trial.
 {¶ 16} Based on the foregoing, we cannot find that, in concluding that multiple victims were involved, the trial court's reliance on the joint exhibits admitted into evidence constitutes plain error. Unlike the defendant in Anderson, Rickard was actually convicted of raping multiple victims. The two counts subsequently overturned by this Court were not based upon the sufficiency of the evidence, but rather the trial court's erroneous exclusion of evidence that may have been favorable to Rickard. Rickard, supra. Additionally, the same judge that conducted the sexual offender classification hearing also presided over Rickard's trial, where both victims were subject to cross-examination by Rickard's counsel.
 {¶ 17} Accordingly, Rickard's contention that the trial court erred in finding multiple victims is not well taken.
 {¶ 18} Next, Rickard asserts that the trial court erred in finding that his psychological assessment results indicated a high risk level for reoffending. He contends that the trial court effectively ignored the forensic test results that indicated he was at a low risk level to reoffend.
 {¶ 19} In making a sexual predator determination, "courts are generally free to accept or reject the entirety or portions of a psychologist's conclusions." State v. Robertson,147 Ohio App.3d 94, 101. Moreover, "whether an offender is `likely to reoffend sexually' is not bound by or couched in terms of recidivism test results, but is instead defined by the application and examination of statutory factors and consideration of relevant circumstances and evidence on a case-by-case basis." Robertson, 147 Ohio App.3d at 102.
 {¶ 20} In explaining its finding, the trial court chose to accept Mr. Morrison's clinical opinion over the forensic test results, stating:
The court finds that it is the opinion of Mr. Morrison that inspite of the test results that would indicate that the defendantis in a low to low-moderate range of reoffending, thatconsidering all of the assessment findings that if the defendantdid in fact commit the offenses for which he was convicted andcharged, then the defendant would be in a high risk level tosexually reoffend at this time.
(Hearing Tr. p. 32). Rickard is correct that the trial court mischaracterized Mr. Morrison's opinion as a "high risk" instead of a "higher risk". A review of the record reveals that Mr. Morrison consistently stated that Rickard was at a "higher risk" to reoffend. (Evaluation, p. 3); (Hearing Tr. p. 10, 11, 19). However, the trial court's error does not impact its finding by clear and convincing evidence that Rickard is a sexual predator.
 {¶ 21} The low to low-moderate risk level for reoffending was based on the results of the forensic tests, which are based solely on the conviction and are designed to test the likelihood of recidivism. (Hearing Tr. p. 12). However, Mr. Morrison cautioned in his report that Rickard "may have answered questions the `right' way in order to cast himself into a positive light." (Evaluation, p. 2).
 {¶ 22} Moreover, Mr. Morrison formulated a clinical opinion in which he considered various other factors that the forensic tests do not cover. Mr. Morrison admitted that Rickard was difficult to fully assess due to his denial that he committed the offenses, which in itself placed Rickard as a higher risk to reoffend. Nevertheless, based on his evaluation of Rickard and the presentence investigation report, Mr. Morrison was able to formulate the opinion that Rickard fit the Regressed Molester typology, that Rickard had a nonchalant attitude toward being "wrongfully" convicted, and that Rickard's refusal to participate in treatment caused him concern. (Evaluation, p. 1-3).
 {¶ 23} In light of these facts, the trial court's mischaracterization of Mr. Morrison's findings that Rickard presents a "high risk" instead of a "higher risk" to reoffend does not affect the trial court's determination that Rickard is a sexual predator. This fact is particularly significant when taken in conjunction with the various statutory factors that the trial court specified, namely, Rickard's age at the time of the offense and presently, the victim's age, the existence of multiple victims, Rickard's mental disability, the nature of the offense, Rickard's attitude toward the conviction, and Rickard's refusal to participate in treatment during his fifteen-year incarceration. Therefore, we find that the trial court's determination is supported by evidence legally sufficient to meet the clear and convincing standard.
 {¶ 24} Accordingly, Rickard's assignment of error is overruled.
 {¶ 25} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment Affirmed.
 Bryant, P.J. and Cupp, J., concur.
[1] We note that the original judgment entry, filed March 10, 2006, required Rickard to register as a sexual predator with the Sheriff of Cuyahoga County within five days of entering the county to reside therein. The trial court's April 5, 2006, Nunc Pro Tunc Judgment Entry changed the requisite county from Cuyahoga to Mercer County, where Rickard intends to reside upon release. The trial court entered, as a corrective entry, a complete restatement of the original entry with the properly corrected language. We would suggest that the better procedure is for the corrective entry (entry nunc pro tunc) to only state what was corrected without unnecessarily repeating the entire entry. Repeating the entire entry requires any interested party to examine the entire corrective entry in order to determine what, if anything, was actually changed, and to guarantee that nothing that was originally correctly stated has since been improperly restated.