OPINION JUDGMENT ENTRY
{¶ 1} On September 13, 2002, the Delaware County Grand Jury indicted appellant, Gregory Dean, on one count of rape in violation of R.C. 2907.02 and two counts of gross sexual imposition in violation of R.C. 2907.05. Said charges arose from appellant's role as a massage therapist at a day spa.
 {¶ 2} A jury trial commenced on February 10, 2003. The jury found appellant guilty as charged. By judgment entry filed May 1, 2003, the trial court sentenced appellant to a total aggregate term of five years in prison.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 4} "The trial court committed plain error in permitting the jury to consider evidence that appellant exercised his privilege against self-incrimination, thereby depriving him of his rights as guaranteed by the fifth, sixth andfourteenth amendments to the united states constitution and comparable provisions of the ohio constitution."
 II {¶ 5} "The prosecuting attorney's remarks during closing arguments constituted prosecutorial misconduct and plain error which deprived appellant of a fair trial in violation of thefourteenth amendment to the united states constitution and comparable provisions of the ohio constitution."
 III {¶ 6} "The failures of appellant's trial counsel constituted ineffective assistance, thereby depriving appellant of his rights as guaranteed by the sixth amendment to the united states constitution and comparable provisions of the ohio constitution."
 {¶ 7} Appellant's assignments of error challenge two issues. Both issues are subject to review under the standards of plain error and ineffective assistance of trial counsel.
 {¶ 8} Plain error is defined as an error or defect affecting a substantial right "may be noticed although they were not brought to the attention of the court." State v. Long (1978),53 Ohio St.2d 91; Crim.R. 52(B). In order to prevail under a plain error analysis, appellant bears the burden of demonstrating that the outcome of the trial clearly would have been different but for the error. Long. Notice of plain error "is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." Id. at paragraph three of the syllabus.
 {¶ 9} The standard for ineffective assistance of counsel is set out in State v. Bradley (1989), 42 Ohio St.3d 136, paragraphs two and three of the syllabus, certiorari denied (1990), 497 U.S. 1011. Appellant must establish the following:
 {¶ 10} "2. Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. (State v. Lytle [1976], 48 Ohio St.2d 391, 2 O.O.3d 495, 358 N.E.2d 623; Strickland v. Washington [1984],466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, followed.)
 {¶ 11} "3. To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different."
 I, III {¶ 12} Appellant claims the trial court erred in permitting the jury to hear testimony that he invoked his Fifth Amendment right against self-incrimination. We disagree.
 {¶ 13} The admission or exclusion of evidence lies in the trial court's sound discretion. State v. Sage (1987),31 Ohio St.3d 173. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217.
 {¶ 14} During his testimony, Detective David McKee of the Columbus Police Department stated, "I advised him [appellant] of his constitutional rights, and he invoked, he wanted to not make a statement at that time. At that time he got up and left." T. at 133.
 {¶ 15} The state concedes the complained of testimony was improper, but argues it was not used as substantive evidence of guilt, Combs v. Coyle (C.A. 6, 2000), 205 F.3d 269, did not rise to the level of plain error and did not substantially affect the outcome of the trial. To evaluate such a defense to this assignment of error, it is necessary to review the record and determine if but for the inadmissible testimony, there existed a reasonable probability of a conviction.
 {¶ 16} In defense counsel's opening statement, the theory of the case was advanced. Appellant would testify and deny he inappropriately touched the victim during her massage. T. at 125.
 {¶ 17} The victim testified during her massage at the day spa, appellant's hand "went under my underwear and then he shoved his hand up in me." T. at 195, 204. Appellant also grabbed her breast. T. at 196. Immediately after the incident, the victim reported it to an employee and the manager. T. 143-144, 196. The employee and manager both testified the victim was visibly upset. T. at 143, 145, 163, 197. The victim went home and contacted the police. T. at 198. Several days later she went to the Columbus Police Department and spoke with Detective McKee. T. at 128. She was still very upset. T. at 128-129. Detective McKee went to appellant's home and spoke to him, and he denied doing anything inappropriate. T. at 131. This was prior to his police interview and invocation of his Fifth Amendment right against self-incrimination.
 {¶ 18} On cross-examination, Detective McKee admitted appellant "was willing to talk * * * initially." T. at 139.
 {¶ 19} Appellant denied he digitally penetrated the victim or grabbed her breast. T. at 242-243. He demonstrated to the jury his massage technique. T. at 255-266. He admitted to freely talking to the police about the reported incident. T. at 251.
 {¶ 20} We find the failure to object or move for a mistrial regarding the complained of testimony did not substantially prejudice the outcome of the trial or create a situation that but for the statement, the "result of the trial would have been different." We so find because the theory of appellant's case was that he did not act inappropriately and the victim misinterpreted the massage. Defense counsel specifically brought up the fact during Detective McKee's cross-examination that appellant freely cooperated with police and denied the allegations.
 {¶ 21} Assignment of Error I is denied. Assignment of Error III as it pertains to this issue is denied.
 II, III {¶ 22} Appellant claims the trial court erred in permitting the state to make prejudicial statements during closing argument. We disagree.
 {¶ 23} The test for prosecutorial misconduct is whether the prosecutor's comments and remarks were improper and if so, whether those comments and remarks prejudicially affected the substantial rights of the accused. State v. Lott (1990),51 Ohio St.3d 160, certiorari denied (1990), 112 L.Ed.2d 596. In reviewing allegations of prosecutorial misconduct, it is our duty to consider the complained of conduct in the contest of the entire trial. Darden v. Wainwright (1986), 477 U.S. 168.
 {¶ 24} The complained of statement at the conclusion of the prosecutor's closing argument was, "* * * Hold him [appellant] responsible for his acts. Continue the civic duty that was started by * * * [the victim]." T. at 336.
 {¶ 25} Appellant argues the "civic duty" comment was tantamount to calling for a conviction as part of "the jury's obligation to protect society." Appellant's Brief at 7.
 {¶ 26} We disagree the complained of statement rises to the level of prosecutorial misconduct in the context of this case. As we pointed out supra, the theory of the case was always "Who(m) Do You Trust." It pitted the victim's report of the incident against appellant's denial.
 {¶ 27} When we read the prosecutor's closing argument in total, we conclude the complained of statement did not lead up to the conclusion espoused by appellant. The prosecutor conceded the evidence leads to a "she said/he said" case, "a tie." T. at 290, 296, 298-299. The prosecutor urged the jury to examine and analyze all the evidence; after such an examination, there would be no "tie." T. at 290, 298.
 {¶ 28} Upon review, we find no prosecutorial misconduct and therefore no deficiency by defense counsel.
 {¶ 29} Assignment of Error II is denied. Assignment of Error III as it pertains to this issue is denied.
 {¶ 30} The judgment of the Court of Common Pleas of Delaware County, Ohio is hereby affirmed.
Judgment affirmed.
Gwin, P.J., and Edwards, J., concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Delaware County, Ohio is affirmed.