OPINION
{¶ 1} Shane P. Miller appeals from his conviction and sentence following a guilty plea to one count of aggravated assault. In his sole assignment of error, Miller contends the trial court violated his Sixth Amendment right to a jury trial by making a factual determination to impose a sentence beyond the statutory minimum.
 {¶ 2} The essence of Miller's argument is that the trial court contravened Blakely v. Washington (2004), 542 U.S. 296, when it made a sentencing determination that the shortest prison term would demean the seriousness of his crime. We note, however, that Miller failed to raise this issue in the trial court. We previously have recognized that a defendant waives a Blakely
issue by failing to raise it in the trial court. See, e.g.,State v. Goss, Montgomery App. No. 21162, 2006-Ohio-836, at ¶9; State v. Austin, Montgomery App. No. 20445, 2005-Ohio-1035, at ¶ 23-24. We also have declined to find plain error. Id.
 {¶ 3} However, the Ohio Supreme Court recently decided Statev. Foster (2006), ___ Ohio St.3d ___, 2006-Ohio-856, declaring R.C. § 2929.14(B) governing imposition of more than a minimum sentence unconstitutional. Thus, consistent with Foster's
mandate, we remand this case for a new sentencing hearing.
 {¶ 4} The trial court's judgment is reversed and remanded for resentencing.