DECISION
{¶ 1} On April 5, 2006, plaintiff-appellee, the State of Ohio ("the State"), filed an application for reconsideration, pursuant to App.R. 26(A), requesting this court to reconsider its judgment entry filed March 31, 2006. Alternatively, the State also filed a motion to certify a conflict pursuant to App.R. 25(A) and Section 3(B)(4) of the Ohio Constitution. For the following reasons, we grant the State's application for reconsideration, and deny the State's motion to certify.
 {¶ 2} The test generally applied in reviewing a motion for reconsideration is whether the motion "calls to the attention of the court an obvious error in its decision or raises an issue for our consideration that was either not considered at all or was not fully considered by the court when it should have been."Matthews v. Matthews (1981), 5 Ohio App.3d 140, para. 2 of the syllabus; Columbus v. Hodge (1987), 37 Ohio App.3d 68, 69. However, "[a]n application for reconsideration is not designed for use in instances where a party simply disagrees with the conclusions reached and the logic used by an appellate court."State v. Owens (1997), 112 Ohio App.3d 334, 336, dismissed, appeal not allowed, 77 Ohio St.3d 1487.
 {¶ 3} In our March 31, 2006 judgment entry we sustained defendant-appellant Ronald D. Payne's ("appellant") single assignment of error asserting that the sentence imposed upon him by the trial court constituted a violation of jury principles afforded by the Sixth Amendment to the United State Constitution and in contravention of Blakely v. Washington (2004),542 U.S. 296, 124 S.Ct. 2531, and Apprendi v. New Jersey (2000),530 U.S. 466, 120 S.Ct. 2348. The State argued that Blakely was not applicable to Ohio's sentencing statutes, and that even if it was, appellant waived his Blakely challenge by failing to raise it in the trial court. In our March 31, 2006 judgment entry, we summarily sustained appellant's single assignment of error and remanded the matter to the trial court for resentencing pursuant to State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856.
 {¶ 4} In its application for reconsideration, the State contends that we failed to consider its waiver and plain error arguments in this case. We agree, as we did in State v.Draughon, Franklin App. No. 05AP-860, 2006-Ohio-___, and grant the State's application to consider these arguments.
 {¶ 5} This precise issue was raised in Draughon, and in that case this court stated "in accordance with the well-settled doctrine of waiver of constitutional challenges, and the language in Booker, we hold that a Blakely challenge is waived by a defendant sentenced after Blakely if it was not raised in the trial court." Id. at ¶ 8. Therefore, a defendant who did not assert a Blakely challenge in the trial court, and thereby waived such challenge is not entitled to a resentencing hearing based on Foster.
 {¶ 6} As in Draughon, appellant was sentenced after the Supreme Court's decision in Blakely, and thus, he could have objected to his sentencing based on Blakely and the constitutionality of Ohio's sentencing scheme. Appellant, however, did not raise such a constitutional challenge to Ohio's sentencing statutes in the trial court, and therefore appellant waived his Blakely argument on appeal.
 {¶ 7} Pursuant to Foster and this court's reasoning inDraughon, appellee's motion for reconsideration is well-taken and granted. After review, appellant's single assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is hereby affirmed. Given our reconsideration of our March 31, 2006 judgment entry, appellee's motion to certify is rendered moot.
Application for reconsideration granted; motion to certifymoot.
Klatt, P.J., and Petree, J., concur.