OPINION
{¶ 1} Kelly L. Smith appeals her sentence of five years incarceration on each of five counts of unlawful sexual conduct, to be served concurrently, and her designation as a sexual predator, pursuant to her plea of guilty to all five counts.
 {¶ 2} Between September 1, 2004 and January 1, 2005, Smith, 32, was residing with her twelve year old daughter in Fairborn, Greene County, Ohio. Her daughter was dating a thirteen year old boy who spent a great deal of time at Smith's home. In the early fall of 2004, another thirteen year old male was alone at the Smith's residence with Smith. On that occasion, Smith performed oral sex on that boy. Approximately one month later, Smith again performed oral sex on the same thirteen year old at her residence, which was witnessed by another juvenile. Also, in the fall of 2004, the daughter's boyfriend went to Smith's house to wait for her daughter, who was at basketball practice. Smith sat on top of the boyfriend and stated she wanted to have sexual relations with him. She touched him and then performed oral sex on him. Smith repeated this action one additional time, when he (the boyfriend) went to the home looking for Smith's daughter. Lastly, in December of 2004, Smith performed oral sex on a fifteen year old juvenile male who was at her home.
 {¶ 3} On May 26, 2005, Smith appeared and pled guilty to all five counts of unlawful sexual conduct. On July 14, 2005, Smith appeared for a sexual offender classification hearing and for sentencing. The court determined that she was a sexual predator and sentenced her to five years incarceration on each count to be served concurrently.
 FIRST ASSIGNMENT OF ERROR {¶ 4} THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY ENTERING A SENTENCE THAT IS PATENTLY ILLEGAL, AND, IN ADDITION, AN ABUSE OF DISCRETION.
 {¶ 5} In the first assignment of error, Defendant argues that since the trial court, rather than a jury, made the finding that Defendant presented the "greatest likelihood" of recidivism, thereby allowing for the issuance of the maximum sentence, she was denied due process and the right of a trial by the jury of her peers per Blakely v. Washington (2004), ___ U.S. ___124 S. Ct. 2531. The state argues that this issue was not raised in the trial court and any error should be considered waived. We disagree.
 {¶ 6} In accordance with this Court's decision in State v.Miller, Montgomery App. No. 21054, 2006-Ohio-1138, and consistent with the mandate in State v. Foster (2006),109 Ohio St.3d 1, we sustain the Defendant's first assignment of error.
 {¶ 7} The trial court's judgment is reversed and remanded for a new sentencing hearing in accordance with Foster.
 SECOND ASSIGNMENT OF ERROR {¶ 8} THE EVIDENCE IS INSUFFICIENT, AS A MATTER OF LAW, TO PROVE BY "CLEAR AND CONVINCING EVIDENCE" THAT APPELLANT IS LIKELY TO ENGAGE IN THE FUTURE IN ONE OR MORE SEXUALLY ORIENTED OFFENSES.
 {¶ 9} In the second assignment of error the Defendant argues that the trial court misapplied the statutory factors in finding that she is likely to recidivate by "clear and convincing evidence." The state argues that the trial court based its decision to classify the Defendant as a sexual predator upon sufficient and probative evidence. We agree.
 {¶ 10} In order to classify a Defendant as a sexual predator, the court must find by clear and convincing evidence that Defendant has been convicted of or pled guilty to a sexually oriented offense and that "he is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E); R.C.2950.09(B)(3); State v. Eppinger (2001), 91 Ohio St.3d 158. "Clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as is required beyond a reasonable doubt in criminal cases. It does not mean clear and unequivocal." Cross v. Ledford (1954),161 Ohio St. 469, 477.
 {¶ 11} Defendant's convictions of five counts of Unlawful Sexual Conduct with a Minor in violation of R.C. 2907.04(A) are sexually oriented offenses. R.C. 2950.01(D)(2)(a). Thus, the only issue before the court was whether Defendant is likely to engage in the future in another sexually oriented offense.
 {¶ 12} In determining the likelihood of recidivism, the trial court is mandated by R.C. 2950.09(B)(3) to consider the factors relating to the offender set out at paragraphs (a) through (j) therein. While the statute deems the factors relevant, they are only potentially relevant. State v. Thompson (2001),92 Ohio St.3d 584. Some may not be applicable in a given case, and "the judge has the discretion to determine what weight, if any, he or she will assign to each guideline." Id. at 589. Because the "guidelines do not control a judge's discretion," Id. at 587, a factor irrelevant to a particular offender is entitled to no weight. Further, the court may consider any other evidence the court deems relevant. Id.
 {¶ 13} The statutory guidelines are:
 {¶ 14} "(a) The offender's age;
 {¶ 15} "(b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 {¶ 16} "(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 {¶ 17} "(d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 {¶ 18} "(e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 {¶ 19} "(f) If the offender previously has been convicted of or plead guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 {¶ 20} "(g) Any mental illness or mental disability of the offender;
 {¶ 21} "(h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 {¶ 22} "(i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 {¶ 23} "(j) Any additional behavioral characteristics that contribute to the offender's conduct." R.C. 2950.09(B)(3).
 {¶ 24} The trial court conducted a sexual offender classification hearing as part of the sentencing proceeding in this case. At that hearing, it considered the testimony of Linette Shaver, a Senior Probation Officer with the Greene County Adult Probation Department. Ms. Shaver testified that she manages all the sex offender cases along with all cases that involve any type of sexual abuse in Greene County. Ms. Shaver was assigned by the court to review the standards under R.C. 2950.09(B)(3) and make determinations with regard to the defendant's sexual offender classification level. In addition to interviewing the Defendant, Ms. Shaver reviewed various documents and police reports relating to this case.
 {¶ 25} In reviewing the risk factors set out in R.C.2950.09(B)(3), Ms. Shaver concluded that Defendant met seven of the ten factors that increase Defendant's risk of reoffending. For example, Ms. Shaver testified that Defendant's prior criminal history, R.C. 2950.09(B)(3)(b), was a factor in finding Defendant a sexual predator and that research has shown that people who have sexual convictions along with a prior criminal history are more likely to reoffend than others. With respect to the age of the victim, R.C. 2950.09(B)(3)(c), Ms. Shaver testified that the victims' ages ranged from 13 to 15. On the issue of multiple victims, R.C. 2950.09(B)(3)(d), Ms. Shaver pointed out that the Defendant had three victims. Regarding whether drugs or alcohol were used to impair the victim or to prevent the victim from resisting, R.C. 2950.09(B)(3)(e), Ms. Shaver testified that the administration of drugs and alcohol to victims might lessen their inhibitions and allow them to become more willing to participate in sexual conduct. Turning our attention to whether the offender had any mental illness or mental disability, R.C.2950.09(B)(3)(g), Ms. Shaver testified that the Defendant admitted that she suffered from both a bipolar and panic disorder. As such, she testified that research indicated that people with any type of mental disorders are more likely to reoffend. On the factor of a demonstrated pattern of abuse, R.C.2950.09(B)(3)(h), Ms. Shaver testified that the defendant's sexual activity with three separate victims demonstrated the presence of that factor. Finally, with respect to additional behavioral characteristics, R.C. 2950.09(B)(3)(j), Ms. Shaver testified that Defendant showed no remorse for her victims or her actions and she blamed others for her actions. Additionally, she testified that Defendant, while knowingly under investigation for the current charges, tried to reestablish contact with other juvenile boys.
 {¶ 26} On cross-examination, Ms. Shaver indicated she spoke with the defendant's mother and father who informed her that the defendant does not take her medication for her mental disorder and that may affect her behavior.
 {¶ 27} In concluding that the State had proven that the defendant is a sexual predator by the requisite burden of proof, the trial court noted the victims were young and multiple. The court noted that the defendant provided alcohol to the victims to induce their cooperation. The court also noted that the defendant has been diagnosed as bipolar and had a prior juvenile and adult criminal record. The trial court found it was most significant that the defendant denied any involvement and showed no remorse for her conduct. The court noted that had the victims' parents not complained, the defendant's patterns of abusing these children would have continued. The court also noted that Detective Jahns of the Fairborn Police Department stated in his report that he received a copy of a voice mail message the defendant left her daughter during the investigation indicating she was excited about getting together with the fifteen year old again. Lastly, the trial court found particularly disturbing the information provided in the pre-sentence report that the defendant offered to pay $600 to the victims if they provided notarized statements that she had not engaged in sexual conduct with the victims. (See page 4 of the pre-sentence report.)
 {¶ 28} Rigid rules have no place in the determination of whether a sex offender is a sexual predator, as courts should apply the enumerated factors and consider the relevance, application, and persuasiveness of individual circumstances on a case by case basis. State v. McKinnis, 153 Ohio App.3d 654,2003-Ohio-4239. In McKinnis, the Third District Court of Appeals upheld the trial court's classification of McKinnis who was convicted of sexual battery of his six year old step-daughter. Judge Shaw wrote as follows:
 {¶ 29} "In examining the circumstances surrounding the underlying offense, this court, in relying upon authority from the Tenth District Court of Appeals, has previously determined:
 {¶ 30} "The age of the victim is probative because it serves as a telling indicator of the depths of offender's inability to refrain from such illegal conduct. The sexual molestation of young children, aside from its categorization as criminal conduct in every civilized society with a cognizable criminal code, is widely viewed as one of the most, if not the most, reprehensible crimes in our society. Any offender disregarding this universal legal and moral reprobation demonstrates such a lack of restraint that the risk of recidivism must be viewed as considerable.'State v. Collins (June 29, 1999), 3d Dist. No. 14-99-05, 1999 WL 455335, quoting State v. Daniels (Feb. 24, 1998), 10th Dist. No. 97APA06-830, 1998 WL 85882.
 {¶ 31} "Both the legislature and a multitude of courts have acknowledged `the overwhelming statistical evidence supporting the high potential of recidivism among sex offenders whose crimes involve the exploitation of young children.' Daniels, supra, citing, e.g., Kansas v. Hendricks (1997), 521 U.S. 346,117 S.Ct. 2072, 138 L.Ed.2d 501. In addition, psychiatric evidence may provide sufficient independent support for a sexual-predator adjudication. Robertson, 147 Ohio App.3d at 101,768 N.E.2d 1207. However, this material should generally be reviewed in light of the entirety of evidence presented and the role the psychiatric findings played in the court's overall determination, as courts are generally free to accept or reject the entirety or portions of a psychologist's conclusions. Id. Furthermore, other sexually oriented offenses, some but not all of which resulted in convictions, are properly considered in a sexual-predator determination, as they are relevant to pertinent aspects of a defendant's criminal and social history and are probative of the propensity of an offender to engage in other sexually oriented offenses in the future. See State v. Anderson (1999),135 Ohio App.3d 759, 764, 735 N.E.2d 909."
 {¶ 32} The Defendant's second assignment of error is overruled.
 {¶ 33} The judgment of the trial court is Reversed and Remanded in part and Affirmed in part.
Fain, J., and Donovan, J., concur.