DECISION
{¶ 1} This case comes before this court pursuant to appellant's motion to certify the judgment in this case as being in conflict with decisions of the Second Appellate District inState v. Mitchell, Clark App. No. 2005 CA 58, 2006-Ohio-1259;State v. Miller, Montgomery App. No. 21054, 2006-Ohio-1138; andState v. Smith, Greene App. No. 2005-A-87, 2006-Ohio-3653.
 {¶ 2} The standard for certification of a case to the Supreme Court of Ohio for resolution of a conflict is set out in paragraph one of the syllabus of Whitelock v. Gilbane Bldg. Co.
(1993), 66 Ohio St.3d 594. "Pursuant to Section 3(B)(4), ArticleIV, of the Ohio Constitution and S.Ct.Prac.R. III, there must be an actual conflict between appellate judicial districts on a rule of law before certification of a case to the Supreme Court for review and final determination is proper." Three conditions must be met for certification. First, the certifying court must find that its judgment is in conflict with that of a court of appeals of another district and the conflict must be on the same question. Second, the conflict must be on a rule of law — not facts. Third, the journal entry or opinion of the certifying court must clearly set forth that rule of law which the certifying court contends is in conflict with the judgment on the same question of law by other district courts of appeals.Whitelock, at 596.
 {¶ 3} In Miller, supra, as in the within appeal, the defendant was sentenced after the decision in Blakely v.Washington (2004), 542 U.S. 296, 124 S.Ct. 2531, was announced. However, the defendant failed to raise a claim of Blakely error in the Montgomery County trial court. Although previously, the Second Appellate District had applied waiver in cases where a defendant had failed to raise Blakely error in the trial court, the court declined to apply the doctrine of waiver in the belief that reversal was mandated by State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856. In dissent, Judge Brogan concluded that the doctrine of waiver had not been applied in Foster because the defendants in that case had been sentenced before Blakely was announced and they could not have anticipated that Blakely
would extend the principles announced in Apprendi v. New Jersey
(2000), 530 U.S. 466, 120 S.Ct. 2348, to redefine what constitutes a "statutory maximum" sentence.
 {¶ 4} In both Miller and the within appeal, sentencing took place after Blakely was announced. We believe that the rule of law announced by the majority in Miller is that the doctrine of waiver may not be applied in cases that raise claims of sentencing error under Blakely, even when sentencing took place after the Blakely decision was announced. We have reached the opposite conclusion on that rule of law in the within appeal and have applied the prudential doctrine of waiver where the defendant's sentence was imposed after Blakely was announced. Therefore, we find that our judgment in this case is in conflict with the judgment announced by the Second District in Miller
and the conflict is on the same rule of law. Accordingly, we believe this case meets the requirements of Whitelock, supra, and we grant the motion to certify the conflict to the Supreme Court of Ohio for resolution.
 {¶ 5} Appellant proposes that the following question should be certified:
Whether a criminal defendant waives a Blakely v. Washington
(2004), 542 U.S. 296 issue by failing to raise it in the trial court.
 {¶ 6} Appellee agrees that a conflict exists, but disagrees on the wording of the question to be certified. Appellee proposes that we certify the same question in this case as was certified in State v. Payne, Franklin App. No. 05AP-517, 2006-Ohio-2552, as being in conflict with the decision of the Second District Court of Appeals in State v. Miller. In Payne, the following question was certified to the Supreme Court of Ohio:
Whether the lack of objection in the trial court waives or forfeits the Blakely issue for purposes of appeal when the sentencing occurred after the Blakely decision was announced.
 {¶ 7} We find that appellant's proposed question of law is overly broad and does not adequately reflect the rule of law upon which we believe the conflict exists. The question certified must include the key fact that the defendant's sentence was imposed after the Blakely decision was announced. Therefore, although we grant appellant's motion to certify the conflict, we redefine and certify the following question to the Supreme Court of Ohio for resolution:
Whether the lack of objection in the trial court waives or forfeits any claim of error under Blakely v. Washington (2004),542 U.S. 296, 124 S.Ct. 2531, where the defendant's sentence was imposed after the decision in Blakely was announced.
 {¶ 8} The motion to certify is granted and the above question is certified to the Supreme Court of Ohio for resolution of the conflict pursuant to Section 3(B)(4), Article IV, Ohio Constitution.
Motion to certify conflict granted.
Klatt, P.J., and McGrath, J., concur.