This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Defendant-Appellant Jessica Coleman has appealed from her convictions in the Lorain County Court of Common Pleas. This Court affirms.
 I {¶ 2} Defendant-Appellant Jessica Coleman was indicted on July 22, 2005. The indictment included one count of involuntary manslaughter, in violation of R.C. 2903.04(A), a felony of the first degree; two counts of felonious assault, in violation of R.C. 2903.11(A)(2), felonies of the second degree; one count of tampering with evidence, in violation of R.C. 2921.12(A)(1), a felony of the third degree; one count of gross abuse of a corpse, in violation of R.C. 2927.01(B), a felony of the fourth degree; one count of child endangering, in violation of R.C.2919.22(A), a felony of the third degree; and one count of child endangering, in violation of R.C. 2919.22(B), a felony of the third degree. On November 21, 2005, Appellant pled guilty to all of the counts in the indictment. On February 8, 2006, Appellant was sentenced to six years incarceration.
 {¶ 3} Appellant has timely appealed asserting one assignment of error.
 II Assignment of Error "THE TRIAL COURT ERRED AS A MATTER OF LAW BY IMPOSING A SENTENCE GREATER THAN THE MINIMUM SENTENCE REQUIRED IN VIOLATION OF OHIO REVISED CODE SECTION 2929.14(B)."
 {¶ 4} In her sole assignment of error, Appellant has argued that her sentence, which was based on factors enumerated in R.C. 2929.14(B), was unconstitutional under State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856
and must be reversed and remanded for re-sentencing. Specifically, Appellant has argued that this Court's holding in State v.Dudukovich, 9th Dist. No. 05CA008729, 2006-Ohio-1309 that the waiver doctrine applies to unconstitutional sentences under Foster is misguided. We disagree.
 {¶ 5} In Foster, the Ohio Supreme Court explicitly rejected the State's argument regarding waiver. In doing so, the Supreme Court stated:
 "Foster could not have relinquished his sentencing objections as a known right when no one could have predicted that Blakely would extend the Apprendi doctrine to redefine `statutory maximum.'" Foster at ¶ 31.
However, in Dudukovich, this Court was faced with a factual scenario unlike the one presented in Foster. In Dudukovich, the defendant had been sentenced well after Blakely v. Washington (2004), 542 U.S. 296, had been decided. Therefore, we concluded that the Foster Court's discussion concerning waiver did not apply to cases in which the defendant was sentenced after Blakely had been decided.
 {¶ 6} Further, this Court heeded the United States Supreme Court's decision in United States v. Booker (2005), 543 U.S. 220, in which the Court advised appellate courts faced with applying its decision that:
 "`Nor do we believe that every appeal will lead to a new sentencing hearing. That is because we expect reviewing courts to apply ordinary prudential doctrines, determining, for example, whether the issue was raised below and whether it fails the "plain-error" test.'" (Emphasis added; internal citations omitted.) Dudukovich at ¶ 23, quoting Booker, 543 U.S. at 268.
 {¶ 7} Consequently, "Foster had not directed this Court to abandon our ordinary doctrines and the U.S. Supreme Court in Booker implored appellate courts to continue to follow these doctrines."Dudukovich at ¶ 24. In complying with Booker's expectation to apply "ordinary prudential doctrines" such as waiver and plain error, we noted that prior to Foster, "this Court held that a defendant must raise the constitutionality of Ohio's sentencing statutes in order to preserve such an argument on appeal." Dudukovich at ¶ 24, citing State v.Sauer, 9th Dist. No. 05CA0031-M, 2005-Ohio-4797, at ¶ 7.
 {¶ 8} The record demonstrates that Appellant was sentenced on February 8, 2006, well after Blakely was decided. As Appellant failed to raise any objection to her sentence in the trial court and specifically failed to challenge the constitutionality of Ohio's sentencing statutes, she is precluded from raising this argument for the first time on appeal.
 {¶ 9} While Appellant has advocated that several Ohio appellate courts have remanded for re-sentencing despite an appellant's failure to raise a Blakely objection in the trial court, we note that this Court is not bound by the decisions of its sister districts. We further note that recently, the Sixth District Court of Appeals in State v. CustodiaMota, 6th Dist. No. L-04-1354, 2006-Ohio-3800, and the Tenth District Court of Appeals in State v. Payne, 10th Dist. No. 05AP-517,2006-Ohio-2552, certified this same conflict to the Ohio Supreme Court for review. On October 4, 2006, the Supreme Court acceptedPayne for review. 10/4/2006 Case Announcements, Supreme Court of Ohio,111 Ohio St.3d 1410, 2006-Ohio-5083. Until review of Payne, we see no reason to revisit Dudukovich or its progeny.
 {¶ 10} Appellant has also argued that her sentence constituted plain error. This Court disagrees. Pursuant to Crim.R. 52(B), a plain error that affects a substantial right may be noticed by an appellate court despite not having been brought to the attention of the trial court. The Ohio Supreme Court has explained that a reversible plain error requires that: "(1) there must be an error, i.e., a deviation from a legal rule; (2) the error must be plain, which means that it must be an obvious defect in the trial proceedings; and (3) the error must have affected substantial rights, which means that the trial court's error must have affected the outcome of the trial." (Emphasis and internal quotations omitted.) State v. Noling, 98 Ohio St.3d 44, 2002-Ohio-7044, at ¶ 62, quoting State v. Barnes (2002), 94 Ohio St.3d 21, 27. Notice of a plain error is taken with the utmost caution and only to prevent a manifest miscarriage of justice. Ohio v. Bray, 9th Dist. No. 03CA008241,2004-Ohio-1067, at ¶ 12. Therefore, this Court will not reverse the trial court decision unless it has been established that the trial court's outcome would have clearly been different but for the alleged error. Id.
 {¶ 11} Further, Foster "vest[ed] sentencing judges with full discretion" in sentencing. Foster at ¶ 100. Accordingly, post-Foster, this Court reviews felony sentences under an abuse of discretion standard. State v. Windham, 9th Dist. No. 05CA0033,2006-Ohio-1544, at ¶ 12. An abuse of discretion is more than an error in judgment or law; it implies an attitude on the part of the trial court that is unreasonable, arbitrary, or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219. Furthermore, when applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Pons v. Ohio State Med. Bd. (1993), 66 Ohio St.3d 619, 621.
 {¶ 12} In the wake of Foster, trial courts are still required to consider the general guidance factors contained in R.C. 2929.11 and R.C.2929.12 in their sentencing decisions. The record indicates that the trial court considered all of the aspects of the general guidance statutes. The trial court clearly took into account Appellant's young age, remorse, cooperation, and acceptance of guilt. However, the trial court also considered the overriding principle of punishing the offender pursuant to R.C. 2929.11, as well as the heinous nature of the crime, the exacerbating circumstance of the victim being a newborn, and the fact that the Appellant was the mother of the newborn victim.
 {¶ 13} According to the record before us, the trial court was exceptionally thoughtful and discerning in handing down Appellant's sentence. Appellant's sentence was within the statutory range and thus, the trial court was completely within its discretion when it sentenced Appellant to six years incarceration.
 {¶ 14} Based on the foregoing, Appellant's assignment of error lacks merit.
 III {¶ 15} Appellant's sole assignment of error is overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into Court of Appeals of Ohio, Ninth Judicial District execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.