{¶ 37} I respectfully dissent from the majority's opinion regarding the issue of prosecutorial misconduct. I first note the State has argued in response that prosecutorial misconduct did not occur because appellant was ultimately able to challenge Shela's credibility via utilization of her prior statements during cross-examination. In other words, according to the State, the jury simply chose to believe Shela's trial testimony as opposed to her recantation after presentation of both versions. Appellee's Brief at 11-12. However, the prosecutor, as an agent of the State, has a constitutional duty to assure the defendant a fair trial. Here, the State, via the county prosecutor, utilized testimony which had earlier served as a basis for the State, via the city prosecutor, to obtain a criminal conviction against the victim for falsification. Nonetheless, once the State, via the agency of the city prosecutor, determined that Shela lied on the police report and elected to pursue falsification charges against her, I conclude the State was bound by those results.
 {¶ 38} Under the circumstances of the case sub judice, I find the State is charged with notice that Shela lied on the police report when she stated appellant had assaulted her. Had the State not pursued falsification charges against Shela, the county prosecutor could have called her as a witness in appellant's domestic violence case and presented the testimony without the existence of a prior judicial determination that she had lied about appellant being the perpetrator. In that scenario, the jury could have duly chosen to believe whether Shela was telling the truth on the police report, or at the preliminary hearing, or at appellant's trial. Instead, the State impeded the jury's responsibility as finders of fact by effectively requiring the jurors to conclude, in order to *Page 12 
convict appellant, that the municipal court had been wrong when it convicted Shela of falsification. Furthermore, the prosecution of this matter put Deputy Flowers, the charging law enforcement officer, in a particularly untenable position. As a prosecution witness in the case against appellant, the deputy testified on direct examination that "[a]ll of our evidence said" that domestic violence had occurred. Tr. at 169. However, the deputy later affirmed during cross-examination that he "believe[d] Shela had, in fact, lied and made a false report of domestic violence." Tr. at 173.
 {¶ 39} Therefore, having once judicially established that Shela had knowingly made a false statement by reporting to law enforcement officials that appellant had injured her, the State's use of the same witness and the same or similar statements to convict appellant for felony domestic violence constituted prosecutorial misconduct under the circumstances of this case. I do not find the assistant county prosecutor's conduct was malicious in any way. The assistant county prosecutor may well have subjectively believed Shela originally told the truth about appellant assaulting her, but on technical and legal grounds the State must accept the municipal court's finding of Shela's criminal falsification in that regard. Despite the ancillary evidence and testimony presented at trial by Deputy Flowers and Christy Lee, I find the corresponding use of Shela's testimony in this case creates a "reasonable likelihood" that the jury's judgment was affected thereby.lacona, supra.
 {¶ 40} I recognize that appellant's trial counsel in this matter did not object to the prosecutor's use of Shela's testimony. See Tr. at 104-121. A defendant's failure to object at trial to alleged prosecutorial misconduct waives all but plain error. See State v.Braden (2003), 98 Ohio St.3d 354, 369, 785 N.E.2d 439. Plain error, which is *Page 13 
defined as an error or defect affecting a substantial right, "may be noticed although [it was] not brought to the attention of the court."State v. Dean, Delaware App. No. 03CA31, 2004-Ohio-1744, ¶ 8, citingState v. Long (1978), 53 Ohio St.2d 91, 372 N.E.2d 804; Crim.R. 52(B). Notice of plain error "is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." Id. I would hold this case involves such exceptional circumstances and therefore would invoke plain error as a means of reversal of the appellant's conviction.
 {¶ 41} I would thus find the arguments in appellant's First and Third Assignments of Error to be moot and would remand this case for a new trial. *Page 14