OPINION
{¶ 1} Defendant-Appellant Quantez T. Nowlin appeals his conviction for burglary in the Muskingum County Court of Common Pleas. The relevant facts leading to this appeal are as follows.
 {¶ 2} On the morning of July 11, 2006, Walter and Betty Ross, an elderly Zanesville couple, noticed that while they had slept overnight, someone had surreptitiously entered their Shaum Avenue residence through a bathroom window and stolen money from inside the house. A police investigation later that day resulted in the discovery of a latent fingerprint on the inside of the bathroom windowsill. Further investigation matched the fingerprint to appellant's print on file with the Ohio Bureau of Criminal Investigation.
 {¶ 3} On August 9, 2006, appellant was indicted by the Muskingum County Grand Jury on one count of burglary, a felony of the second degree, and theft, a felony of the fifth degree. Appellant, with the assistance of counsel, entered a plea of not guilty to both counts.
 {¶ 4} The matter proceeded to a jury trial on December 12, 2006. The State's evidence included, among other things, the fingerprint found on the victims' windowsill. The jury ultimately found appellant guilty on both counts of the indictment.
 {¶ 5} On January 22, 2007, appellant appeared before the court for sentencing. At the conclusion of the hearing and upon review of the pre-sentence investigation, the trial court sentenced appellant to seven years in prison on the burglary charge and one year in prison on the theft charge. The sentences were ordered to run concurrently. Appellant was also ordered to pay restitution. *Page 3 
 {¶ 6} On February 15, 2007, appellant filed a notice of appeal. He herein raises the following four Assignments of Error:
 {¶ 7} "I. THE DEFENDANT-APPELLANT WAS DENIED DUE PROCESS BY THE IMPROPER ADMISSION OF UNAUTHENTICATED EVIDENCE GOING TO A CENTRAL ELEMENT OF THE PROSECUTION.
 {¶ 8} "II. THE DEFENDANT-APPELLANT WAS DENIED DUE PROCESS, AS THE JUDGMENT OF CONVICTION WAS BASED ON INSUFFICIENT EVIDENCE AND THE VERDICT OF GUILTY WAS AGAINST THE MANIFEST WEIGHT OF THAT EVIDENCE.
 {¶ 9} "III. THE DEFENDANT-APPELLANT WAS DENIED DUE PROCESS BY THE IMPROPER IMPOSITION OF A NON-MINIMUM SENTENCE IN THE ABSENCE OF A JURY FINDING OF THE AGGRAVATING FACTORS NECESSARY TO SUPPORT THAT SENTENCE.
 {¶ 10} "IV. THE DEFENDANT-APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL."
 I. {¶ 11} In his First Assignment of Error, appellant contends the trial court's admission of allegedly unauthenticated evidence deprived him of due process of law. We disagree.
 {¶ 12} During the trial, the State introduced evidence that the latent fingerprint found at the crime scene matched a print on file with the BCI under appellant's name. Appellant specifically contends that the prosecution did not sufficiently authenticate the fingerprint record kept by the BCI as a true record of appellant's prints. *Page 4 
 {¶ 13} Appellant concedes that his defense counsel did not object to the fingerprint evidence. Appellant's Brief at 5. A party who fails to object at trial waives error on appeal relative to that testimony unless there was plain error. State v. Ballew (1996), 76 Ohio St.3d 244, 251,667 N.E.2d 369. Plain error, which is defined as an error or defect affecting a substantial right, "may be noticed although [it was] not brought to the attention of the court." State v. Dean, Delaware App. No. 03CA31, 2004-Ohio-1744, ¶ 8, citing State v. Long (1978),53 Ohio St.2d 91, 372 N.E.2d 804; Crim. R. 52(B). "Plain error does not exist unless it can be said that but for the error, the outcome of the trial would clearly have been otherwise." State v. Moreland (1990),50 Ohio St.3d 58, 62, 552 N.E.2d 894. Notice of plain error "is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." Long, supra.
 {¶ 14} For reasons further amplified in our analysis of appellant's Fourth Assignment of Error, infra, which addresses the fingerprint issue in the context of a claim of ineffective assistance of counsel, we are not inclined to invoke the doctrine of plain error in regard to the present assigned error.
 {¶ 15} Appellant's First Assignment of Error is therefore overruled.
 II. {¶ 16} In his Second Assignment of Error, appellant maintains his conviction for burglary was against the sufficiency and manifest weight of the evidence. We disagree.
 {¶ 17} In considering an appeal concerning the sufficiency of the evidence, our standard is as follows: "* * * [T]he inquiry is, after viewing the evidence in the light most favorable to the prosecution, whether any reasonable trier of fact could have found the *Page 5 
essential elements of the crime proven beyond a reasonable doubt."State v. Jenks (1991), 61 Ohio St.3d 259, 273, 574 N.E.2d 492.
 {¶ 18} The gist of appellant's "sufficiency" argument again centers on the fingerprint evidence, in the absence of which, appellant urges, his identity as the individual burglarizing the Ross home cannot be established. However, as discussed in our analysis of appellant's Fourth Assignment of Error, the present record does not persuade us that the BCI fingerprint records evidence was improperly admitted. Hence, the basis of appellant's claim of insufficient evidence lacks merit.
 {¶ 19} In regard to appellant's manifest weight challenge, our standard of review in an appeal from a criminal conviction is stated as follows: "The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v.Martin (1983), 20 Ohio App.3d 172, 175, 485 N.E.2d 717. See, also,State v. Thompkins (1997), 78 Ohio St.3d 380, 678 N.E.2d 541. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction."Martin at 175, 485 N.E.2d 717.
 {¶ 20} At trial, Betty Ross testified that she discovered her bathroom blinds askew when she first looked in the room on the morning of July 11, 2006. Upon further inspection, she noticed some grass clippings on the floor and toilet near the bathroom window. Although no witnesses saw appellant break into the house, Ms. Ross stated that she recognized appellant in court as having visited a female neighbor several *Page 6 
times; however, she testified that she had never invited appellant into the Ross residence. Tr. at 89. Appellant indeed presented two alibi witnesses: his grandmother and his uncle. However, the trier of fact, as opposed to this Court, is in a far better position to weigh the credibility of witnesses. State v. DeHass (1967), 10 Ohio St.2d 230,227 N.E.2d 212. In conjunction with the fingerprint evidence from the windowsill, which we are not herein persuaded to disregard, we do not conclude the jury's verdict led to a manifest miscarriage of justice. We hold the burglary verdict was not against the manifest weight of the evidence.
 {¶ 21} Appellant's Second Assignment of Error is overruled.
 III. {¶ 22} In his Third Assignment of Error, appellant contends the trial court erred and violated his right to due process by sentencing him to a "more than minimum" term for burglary. We disagree.
 {¶ 23} Appellant, citing Blakely v. Washington (2004), 542 U.S. 296, essentially argues that the aggravating factors under R.C. 2929.14(B) were constitutionally required to have been submitted to a jury. InState v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, the Ohio Supreme Court found certain provisions of Ohio's sentencing statute unconstitutional, in light of Blakely. Accordingly, judicial fact finding is no longer required before a court imposes non-minimum, maximum or consecutive prison terms. State v. Barrett, Ashland App. No. 07COA014, 2008-Ohio-191, ¶ 6. Appellant in the case sub judice was sentenced in the post-Foster era. Thus, his argument that non-minimum sentence findings must be within the province of the jury is no longer cognizable. Instead, because Foster "vest[ed] sentencing judges with full discretion" in *Page 7 
sentencing (Foster at ¶ 100), we review felony sentences under an abuse of discretion standard. State v. Coleman, Lorain App. No. 06CA008877,2006-Ohio-6329, ¶ 11. An abuse of discretion implies the court's attitude is "unreasonable, arbitrary or unconscionable." State v.Adams (1980), 62 Ohio St.2d 151
 {¶ 24} Here, the trial court's sentence of seven years in prison on the burglary charge (a felony of the second degree) is within the statutory sentencing ranges under R.C. 2929.14, and as such, is proper. Further, upon review, we find the trial court's sentencing is not unreasonable, arbitrary or unconscionable.
 {¶ 25} Appellant's Third Assignment of Error is therefore overruled.
 IV. {¶ 26} In his Fourth Assignment of Error, appellant argues he was deprived of the effective assistance of trial counsel. We disagree.
 {¶ 27} Our standard of review is set forth in Strickland v.Washington (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. Ohio adopted this standard in the case of State v. Bradley (1989),42 Ohio St.3d 136, 538 N.E.2d 373. These cases require a two-pronged analysis in reviewing a claim for ineffective assistance of counsel. First, we must determine whether counsel's assistance was ineffective; i.e., whether counsel's performance fell below an objective standard of reasonable representation and was violative of any of his or her essential duties to the client. If we find ineffective assistance of counsel, we must then determine whether or not the defense was actually prejudiced by counsel's ineffectiveness such that the reliability of the outcome of the trial is suspect. This requires a showing that there is a reasonable probability that but *Page 8 
for counsel's unprofessional error, the outcome of the trial would have been different. Id.
 {¶ 28} Trial counsel is entitled to a strong presumption that all decisions fall within the wide range of reasonable professional assistance. State v. Sallie (1998), 81 Ohio St.3d 673, 675,693 N.E.2d 267. Furthermore, as an appellate court reviewing a claim of ineffective assistance, we "must keep in mind that different trial counsel will often defend the same case in different manners." State v. Samatar,152 Ohio App.3d 311, 787 N.E.2d 691, 2003-Ohio-1639, ¶ 88.
 {¶ 29} The trial transcript reveals that the State called Andrew McClelland, a print examiner for the BCI, to testify regarding the fingerprint matching in this case. Tr. at 130-131. When asked to describe his job parameters, McClelland testified:
 {¶ 30} "Included amongst my official duties at BCI are the processing and examination of evidence for sufficient ridge detail. I then compare these sufficient ridge detail prints to known standards of either subject or victim or elimination prints. I then report upon my findings. And when asked to do so, I testify in court." Tr. at 132.
 {¶ 31} It does not appear that the prosecutor took further steps to designate McClelland as a records custodian (see Evid. R. 803(6)) or to lay a foundation that appellant's fingerprint record was a "public record" under Evid. R. 803(8) or Evid. R. 901(B)(7). Furthermore, this Court has recognized that "[f]ingerprint cards do not qualify as being self-authenticating within the penumbra of Evid. R. 902." State v.Marini (May 2, 1985), Tuscarawas App. No. CA-1900.
 {¶ 32} Nonetheless, the Ohio Supreme Court has recognized that the failure to object is not a per se indicator of ineffective assistance of counsel, because counsel *Page 9 
may refuse to object for tactical reasons. State v. Gumm (1995),73 Ohio St.3d 413, 428, 653 N.E.2d 253. As the State suggests in its response brief, a defense challenge to the fingerprint card in these circumstances would likely have simply drawn more jury attention to appellant's BCI record. It is dubious from the transcript before us that an evidentiary challenge to the prints on this basis would have been ultimately successful. Thus, upon review, we find appellant has failed to demonstrate a reasonable probability that but for counsel's alleged error, the outcome of the trial would have been different.
 {¶ 33} Accordingly, appellant's Fourth Assignment of Error is overruled.
 {¶ 34} For the foregoing reasons, the judgment of the Court of Common Pleas, Muskingum County, Ohio, is hereby affirmed.
 Wise, J. Farmer, P. J., and Delaney, J., concur. *Page 10 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Muskingum County, Ohio, is affirmed.
 Costs assessed to appellant. *Page 1