OPINION *Page 2 
{¶ 1} Appellant Mark Anthony Marshall, Sr. appeals his conviction and sentence entered in the Stark County Court of Common Pleas on one count of tampering with evidence and one count of possession of cocaine.
 {¶ 2} Appellee is State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 3} On or about February 4, 2008, the Stark County Grand Jury indicted Mark Anthony Marshall, Sr., the appellant herein, on one count of tampering with evidence, a violation of R.C. § 2921.12, a third degree felony, and one count of possession of cocaine, in violation of R.C. 2925.11, a fourth degree felony.
 {¶ 4} Appellant initially pleaded not guilty to the charges.
 {¶ 5} On March 28, 2008, Appellant filed a Motion to Suppress.
 {¶ 6} On May 5, 2008, Appellant failed to show for a hearing scheduled on his Motion to Suppress and a capias was issued for his arrest. Appellant's bond was also revoked.
 {¶ 7} On May 28, 2008, Appellant withdrew his motion to suppress and entered pleas of guilty to the offenses as charged. The bond forfeiture was also set aside at that time.
 {¶ 8} A pre-sentence investigation was ordered and a sentencing hearing was scheduled for June 30, 2008, which was then re-scheduled to June 25, 2008.
 {¶ 9} On June 25, 2008, Appellant failed to appear for sentencing and a capias was once again issued for his arrest and his bond was ordered to be revoked. *Page 3 
 {¶ 10} Appellant was ultimately sentenced on August 25, 2008. At that time the trial court sentenced Appellant to five (5) years on the charge of tampering with evidence to run consecutive to a term of eighteen (18) months on the possession of cocaine conviction, for an aggregate prison term of 6 ½ years.
 {¶ 11} Appellant now appeals to this Court, assigning the following errors for review:
 ASSIGNMENTS OF ERROR {¶ 12} "I. THE TRIAL COURT ERRED IN ACCEPTING THE APPELLANT'S PLEA BECAUSE IT WAS NOT KNOWINGLY, INTELLIGENTLY AND VOLUNTARILY ENTERED.
 {¶ 13} "II. THE TRIAL COURT ERRED IN IMPOSING CONSECUTIVE AND MAXIMUM SENTENCES WITHOUT ADEQUATE JUSTIFICATION.
 {¶ 14} "III. THE TRIAL COURT VIOLATED THE APPELLANT'S RIGHTS TO EQUAL PROTECTION AND DUE PROCESS OF LAW WHEN IT SENTENCED HIM CONTRARY TO R.C. 2929.11(B).
 {¶ 15} "IV. THE APPELLANT WAS DENIED HIS RIGHS TO DUE PROCESS AND ASSISTANCE OF COUNSEL BECAUSE HIS TRIAL COUNSEL PROVIDED INEFFECTIVE ASSISTANCE."
 I. {¶ 16} In his first assignment of error, Appellant claims that his plea was not knowingly, intelligently and voluntarily entered. We disagree.
 {¶ 17} Under Crim. R. 11(C), a trial court may not accept a guilty plea from a criminal defendant in a felony case without first addressing the defendant personally *Page 4 
and informing him of the effect of the plea and determining that he understands the consequences of the guilty plea.
 {¶ 18} In order to challenge the validity of a plea, a defendant must show a prejudicial effect. State v. Nero (1990), 56 Ohio St.3d 106. The test for prejudice is whether the plea would have otherwise been made. Id.
 {¶ 19} Upon review, we find that the trial court strictly complied with the mandated constitutional advisements. The trial court informed Appellant of his right to a jury, to confront witnesses against him, to subpoena witnesses in his favor, and to have the state prove his guilt beyond a reasonable doubt. (Plea T. at 15-18). He was also advised that he could not be compelled to testify against himself and the fact that if he chose to not testify that choice could not be considered in determining his guilt. (Plea T. at 17).
 {¶ 20} We also find that the trial court substantially complied with the non-constitutional advisements contained in Crim. R. 11. Appellant was advised of the charges against him and the possible penalties, which included a one (1) to five (5) year sentence on the tampering with evidence charge and a six (6) to eighteen (18) month sentence on the possession of cocaine charge; that he would have to pay court costs; that he would be subjected to DNA testing; that he would be under a firearm disability; that he may have to pay for the cost of community control or confinement and make restitution; that his driver's license would be suspended, and that his sentences could be ordered to run consecutively. (Plea T. 5-9). The trial court also advised Appellant that he was ordering a pre-sentence investigation but that he would not place Appellant on probation if any one of four things happened: 1) if Appellant got into trouble between *Page 5 
the time of that plea and the sentencing hearing; 2) if Appellant violated the terms and conditions of his bond/pre-trial release; 3) if his PSI revealed that he had a prior felony which he failed to inform the court about; 4) if he did not cooperate with his probation officer. (Plea T. at 10-13). Additionally, the trial court informed Appellant that if he was placed on probation and subsequently violated such terms and conditions of his probation, the trial court could either extend his probation or revoke his probation and sentence him to five years on the tampering charge and eighteen months on the possession charge. (Plea T. at 13-14). The trial court also informed Appellant that he could be placed on post-release control upon the completion of his prison sentence. (Plea T. at 14). In response to the trial court's advisements, Appellant stated that he understood his rights and the effect and consequences of his guilty pleas. (T. at 4-18).
 {¶ 21} At the conclusion of the plea hearing the trial court found that Appellant's pleas were made knowingly, intelligently and voluntarily. (Plea T. at 19).
 {¶ 22} Appellant argues that he informed the trial court that he did not understand what was happening at the sentencing hearing and that he had believed he was going to have a trial. Some of the statements made by Appellant are as follows:
 {¶ 23} "Yeah, I don't know what's going on around here. I mean I can't read, and I don't understand these proceedings.
 {¶ 24} "Keep telling me something about six and a half years, I don't know. I don't know. I don't understand. I thought I was going to trial.
 {¶ 25} ". . . Your honor, I don't know if you want to hear this, but I smoked some bad stuff and I don't know. I don't even know what the date is today other than what they told me. *Page 6 
 {¶ 26} "I meant my brain is fried, Your honor. I don't know nothing. I swear everything, and just like I say, I couldn't read that much before, but now you talk about six and a half years, I mean, for a little bit of drugs. I don't even know what all everything is.
 {¶ 27} "I'm out of it, and you talk about six and a half years. Like shit, I mean-"
 {¶ 28} The trial court then asked Appellant if it was his signature on the plea agreement and he said that it was his. The trial court then asked him if he remembered entering his guilty plea on May 27th, to which he replied:
 {¶ 29} "Possible. I mean was it around the time that I was supposed to go to TASC and all that?"
 {¶ 30} The trial court again asked him if he remembered pleading guilty and he replied "I may have".
 {¶ 31} The trial court again showed Appellant the plea agreement and asked him if he remembered signing it, to which Appellant stated:
 {¶ 32} "Not right off. Like I said, I smoked some of that-". (Sent. T. at 8).
 {¶ 33} At that time, the trial court reviewed what he had told Appellant at the time of his plea and asked him if he remembered any of that. Appellant stated:
 {¶ 34} "I kind of vaguely remember going through that. . ." (T. at 9).
 {¶ 35} Appellant also repeats a number of times that his "brain is all messed up". (Sent. T. at 13).
 {¶ 36} Upon review, we find that these statements were made at the sentencing hearing which took place two months after the originally scheduled sentencing hearing due to Appellant's failure to show for sentencing. These statements are also *Page 7 
inconsistent with those made at the actual plea hearing which was conducted in conformity with Crim. R. 11.
 {¶ 37} Based on the foregoing, we find that Appellant's plea, made at the plea hearing, was made knowingly, intelligently and voluntarily, and that the trial court did not err in accepting same.
 {¶ 38} Appellant's first assignment of error is overruled.
 II. {¶ 39} In his second assignment of error, Appellant argues that the trial court erred in ordering maximum and consecutive sentences. We disagree.
 {¶ 40} Subsequent to the Ohio Supreme Court's decision in State v.Foster, 109 Ohio St.3d 1, 845 N.E.2d 470, 2006-Ohio-856, judicial fact finding is no longer required before a court imposes non-minimum, maximum or consecutive prison terms. See State v. Barrett, Ashland App. No. 07COA014, 2008-Ohio-191, ¶ 6. Because Foster "vest[ed] sentencing judges with full discretion" in sentencing (Foster at ¶ 100), we review felony sentences under an abuse of discretion standard.State v. Coleman, Lorain App. No. 06CA008877, 2006-Ohio-6329, ¶ 11. An abuse of discretion implies the court's attitude is "unreasonable, arbitrary or unconscionable." State v. Adams (1980), 62 Ohio St.2d 151,404 N.E.2d 144.
 {¶ 41} Here, the trial court's sentences of five years on the tampering with evidence charge, a felony of the third degree, and eighteen (18) months on the possession of cocaine charge, a felony of the fifth degree, are within the statutory sentencing ranges under R.C. 2929.14, and as such, are proper. Further, upon review, we find the trial court's sentencing is not unreasonable, arbitrary or unconscionable. *Page 8 
 {¶ 42} Appellant's second assignment of error is overruled
 III. {¶ 43} In his third assignment of error, Appellant argues that his sentence is contrary to R.C. § 2929.11(B). We disagree.
 {¶ 44} Appellant more specifically argues that his sentence was not consistent with sentences imposed for similar crimes committed by similar offenders.
 {¶ 45} A review of the record below, however, reveals that Appellant failed to raise this issue at the trial court level and argues it for the first time on appeal. We find that Appellant therefore has waived review of this issue by failing to raise it at the trial level. SeeState v. Awan (1986), 22 Ohio St.3d 120, 22 OBR 199, 489 N.E.2d 277, at syllabus, wherein the court held that failure to raise the issue of the constitutionality of a statute's application at the trial court level constitutes a waiver of such issue.
 {¶ 46} We further find that the trial court, in its September 9, 2008, judgment entry sentencing Appellant, stated therein that it had "considered the record, oral statements, any victim impact statement and pre-sentence report, prepared as well as the principles and purposes of sentencing under Ohio Revised Code Section 2929.11" and further that it "balanced the seriousness and recidivism factors [of] Ohio Revised Code Section 2929.13."
 {¶ 47} Appellant's third assignment of error is overruled.
 IV. {¶ 48} In his fourth and final assignment of error, Appellant argues that he was denied the effective assistance of counsel. We disagree. *Page 9 
 {¶ 49} Appellant argues that his trial counsel was ineffective in failing to convince the trial court at the sentencing hearing to allow Appellant to withdraw his previously entered guilty plea.
 {¶ 50} To prevail on a claim of ineffective assistance of counsel, a defendant must demonstrate counsel's performance was deficient and that deficient performance prejudiced the defense. Strickland v.Washington (1984), 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674. A properly licensed attorney is presumed to execute his duties in an ethical and competent manner. State v. Smith (1985), 17 Ohio St.3d 98,100, 477 N.E.2d 1128. When reviewing whether counsel's performance was ineffective, courts must refrain from second-guessing strategic decisions of trial counsel. State v. Sallie, 81 Ohio St.3d 673, 674, 1998-Ohio-0343. Ineffectiveness is demonstrated by showing counsel's errors were so serious that he or she failed to function as the counsel guaranteed by the Sixth Amendment. State v. Hamblin (1988),37 Ohio St.3d 153, 156, 524 N.E.2d 476. To establish prejudice, a defendant must show there is a reasonable possibility that, but for counsel's errors, the result of the proceeding would have been different.Strickland at 694. A reasonable probability must be a probability sufficient to undermine confidence in the outcome of the case. State v.Bradley (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, paragraph three of the syllabus. The defendant bears the burden of proof in demonstrating ineffective assistance of counsel. Smith at 100.
 {¶ 51} A defendant does not have an absolute right to withdraw a guilty plea prior to sentencing. State v. Xie (1992), 62 Ohio St.3d 521,526, 584 N.E.2d 715. "A trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea." Id. "The decision to grant or deny a presentence *Page 10 
motion to withdraw a guilty plea is within the sound discretion of the trial court." Id. at paragraph two of the syllabus.
 {¶ 52} Upon review, we find that given the fact the trial court had before it the same arguments that trial counsel would have made in a formal motion to withdraw Appellant's guilty plea, i.e. Appellant could not remember entering his guilty plea because his brain "was messed up on drugs", the likelihood that such a motion would have been successful was very low. Appellant has not shown that he had a reasonable and legitimate basis for the withdrawal of his plea.
 {¶ 53} Appellant's fourth assignment of error is overruled.
 {¶ 54} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.
By: Wise, J. Hoffman, P. J., and Delaney, J., concur. *Page 11 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed. Costs assessed to Appellant. *Page 1